**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Donald L. LEWIS, Defendant-Appellant.**

**No. 81–2258.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 8, 1982.

Decided Feb. 24, 1982.

Patrick B. Mathis, John J. Vassen, Belleville, Ill., for defendant-appellant.

James R. Burgess, Jr., U. S. Atty., East St. Louis, Ill., for plaintiff-appellee.

Before SPRECHER and POSNER, Circuit Judges, and BONSAL, Senior District Judge.*

POSNER, Circuit Judge.

Donald Lewis was convicted after a jury trial of having violated 26 U.S.C. § 7203, which so far as relevant here makes it a misdemeanor for a person required to pay federal income tax to "willfully" fail to file a tax return. He appeals on two grounds: that the trial judge should have required the government to disclose the identity of the person who informed against Lewis; and that the judge's instructions to the jury on the meaning of "willfully" were inadequate.

Lewis never finished high school (a fact germane, as we shall see, to his defense theory), yet during the period in question he was the sole proprietor of a substantial business engaged in drilling oil wells and just before that he had owned and operated a gas station. Between 1976 and 1978 he paid out more than a half million dollars in wages to the employees of his oil-well drilling business but did not pay any of the $137,000 in federal withholding taxes that were due on those wages and did not file the required withholding returns although he had them prepared. He claims that he did not file the returns because he did not have the money to pay the taxes and thought that one may not file a return without accompanying it with payment in full of any taxes due.

Prior to trial Lewis discovered that there was an informer involved in the case, and the judge held a hearing to decide whether the name of the informer should be revealed to Lewis. After hearing testimony that the informer, a "tipster," had not provided any information included in reports prepared by Internal Revenue Service agents working on the case, nor received payment or any favorable consideration in

---

* Of the Southern District of New York.

exchange for the tip, the judge decided not to reveal the name of the informer to Lewis. The judge's decision was clearly right. The confidentiality of informers serves an important law-enforcement interest, especially in "victimless" crimes such as tax evasion. This interest must be balanced against the defendant's interest in developing an effective defense. See *Roviaro v. United States*, 353 U.S. 53, 62, 77 S.Ct. 623, 628, 1 L.Ed.2d 639 (1957). Where the informer is a mere "tipster," disclosure of his identity will rarely be appropriate under the balancing test of *Roviaro*. *Suarez v. United States*, 582 F.2d 1007, 1011 (5th Cir. 1978), says it is never appropriate. The mere tipster plays a potentially important role in uncovering tax evasion yet only a small role in the actual prosecution; hence the balance tips against disclosure.

Since the informer here was merely a tipster, we might stop with a citation to *Suarez*. But we need not go so far as to adopt the Fifth Circuit's automatic rule protecting the confidentiality of tipsters' identities in all circumstances in order to reject Lewis's claim. The informer here, whoever he was, was not a key witness; the information that he supplied to the IRS was not even important enough to be incorporated in any of the IRS agents' reports. The informer's identity became particularly unimportant as the trial progressed and it became clear that the only real issue in the case was whether Lewis truly believed that he did not have to file a return unless he had the funds in hand to pay in full any taxes shown on the return to be due. There was no direct evidence on this point other than Lewis's own testimony, which the jury had to weigh against a circumstantial background that included the fact that Lewis, despite his limited education, was an experienced businessman operating on a substantial scale. Knowing that some peripheral witness may have been an informer would not have helped Lewis to make out his defense.

■ We come to the major issue in the case, the adequacy of the instructions. The judge instructed the jury that "An act is done 'willfully' if done voluntarily and intentionally with the purpose of avoiding a known legal duty." This instruction allowed the jury to acquit if it believed Lewis's story that he had not known that he could, let alone that he had to, file a return even if he did not have the money to pay the taxes shown as due on it. Lewis complains however that the jury should have been instructed on this point in greater, and more homely, detail. Although we would be troubled if the only instruction given the jury on a key element of the crime charged was worded so legalistically that a lay person would have great difficulty understanding what that element was, cf. *United States v. McAnally*, 666 F.2d 1116, 1119, 1120 (7th Cir. 1981), the judge's instruction on "willfully" did not have this problem. The key phrase so far as this case is concerned, "known legal duty," should not have given laymen undue trouble. In any event, our recent decision in *United States v. Moore*, 627 F.2d 830, 833 and n.1 (7th Cir. 1980), holds that the quoted instruction adequately conveys to a jury the meaning of "willfully" under 26 U.S.C. § 7203.

Lewis's more substantial point is that the reference to "known legal duty" was too fleeting, given that his whole defense was that he did not know he had a legal duty to file under the circumstances in which he found himself. In *Moore*, in this respect a parallel case, this court noted that the judge in his charge to the jury had repeated the definition of "willfully" several times. See 627 F.2d at 833. But if the instruction given here may have been too succinct, the instructions proposed by the defendant were too redundant and prolix, and on a key point inaccurate. Defendant's proposed instruction number 26 assumed a fact—that Lewis really was unable to pay the tax—that was hotly disputed, since he was able to pay the other expenses of his business during the period in question, including the very large wage bill. (In fact, as we shall see, Lewis's factual assertion was not only contested, but false.) Lewis failed to tender a simple, nonlegalistic instruction stating that the jury should acquit if they believed that he really had not known that he had to file a return even if he was

unable to pay the taxes due on it; the tendered instructions were no improvement on the instructions the judge did give.

There is a deeper problem with Lewis's objection to the instructions. The judge is obligated to instruct the jury only on a defense theory that has "some foundation in the evidence." *Moore, supra*, 627 F.2d at 832. Lewis's theory lacked such a foundation. The theory was that he thought he could not file a return unless he had the money to pay the taxes. The foundation would be some evidence that he lacked the money. That foundation was not laid. Lewis had money to pay the other expenses of his business; he just assigned a lower priority to paying withholding taxes than to meeting his other expenses. This does not show "inability to pay" and the judge was not required to give an instruction that was premised on such inability.

If, contrary to what we have said, there was error below in failing to give a fuller instruction notwithstanding defense counsel's failure either to tender an appropriate instruction or to lay an evidentiary foundation for the theory underlying the instructions he did tender, it was harmless error under Fed.R.Crim.P. 52(a). No rational jury would have believed Lewis's story that he did not know that he had to file withholding tax returns. When he owned the gas station Lewis had filed such a return without accompanying payment. And as an experienced businessman he must have known that it is more, not less, important to file a return when the taxpayer is unable to pay the taxes due than when he accompanies the return with payment in full, because such filing alerts the IRS that it is not receiving taxes due it and that it had better take steps to deal with the problem. A fuller instruction would not have made Lewis's story more plausible; it is therefore more than merely improbable, see *United States v. Valle-Valdez*, 554 F.2d 911, 915–16 (9th Cir. 1977), that such an instruction would have led the jury to acquit him.

AFFIRMED.