**UNITED STATES of America,**
**Appellant,**

v.

**Roger GRISHAM, Appellee.**

No. 84–1228.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1984.

Decided Nov. 13, 1984.

Heaney, Circuit Judge, filed opinion concurring in part and dissenting in part.

Joel M. Gershowitz, Asst. U.S. Atty., Washington, D.C., argued, Robert J. Erickson, Washington, D.C., and John R. Osgood, Independence, Mo., for appellant.

John R. Shank, Kansas City, Mo., for appellee.

Before HEANEY, ROSS and BOWMAN, Circuit Judges.

BOWMAN, Circuit Judge.

In early September, 1983, an informant told federal agents that he had declined a suspicious offer by Roger Grisham to sell him packaged hams. This information caused federal agents to begin surveillance at a truck brokerage company owned by Grisham. Shortly thereafter, Grisham was arrested and, on September 6, 1983, indicted by a grand jury and charged under 18 U.S.C. § 659 with possessing 23,000 pounds of purloined ham.

Prior to trial, Grisham moved for disclosure of the identity and whereabouts of the informant. The government opposed the motion, claiming that disclosure is permitted only where it would be relevant or helpful to the defense. Soon thereafter, Grisham's case was referred to a United States Magistrate. On November 30, 1983, the Magistrate ordered that the government make the informant available for interview by defense counsel without the defendant being present. The Magistrate further ordered that defense counsel not disclose the name and address of the informant to the defendant or to any other person at any time without obtaining a further order of the court authorizing such disclosure. The Government objected to the Magistrate's order. On January 5, 1984, the District Court denied the Government's objection and ordered that the Government make the informant available to defense counsel subject to the restrictions of the Magistrate's order of November 30, 1983. The Government refused to make the informant available for interview and the District Court dismissed the indictment. The Government appeals from this dismissal. We reverse.

## I.

In the present case, there is apparently no evidence of actual possession of the stolen hams by Grisham. The Government seeks to prove Grisham's constructive possession of the hams on the basis of their presence on or near land owned by Grisham. Grisham contends that since constructive possession of stolen goods is not sufficient for conviction in the event of a reasonable explanation for the possession, a major part of his defense will consist of trying to explain the presence of the hams on or near his property. Grisham further contends that the informant may have knowledge relating to the presence of the hams on or near his property which would be exculpatory. The Government, on the other hand, contends that the informant was not aware of the location of the stolen hams and is not aware of any details regarding their theft. The Government also contends that disclosure is required only if it is reasonably probable that the informant can give relevant testimony material to the defense, denies that the informant has any exculpatory evidence, and points out that Grisham's contention that the informant may have exculpatory information is sheer speculation.

## II.

In *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), the Supreme Court declared that the Government's privilege to withhold from disclosure the identity of an informant arises because of the need to protect the public interest in effective law enforcement. The informant privilege encourages citizens to communicate their knowledge of the commission of crimes to law enforcement officials by preserving their anonymity. The Court in *Roviaro* rejected any fixed rule with respect to disclosure, however. The decision whether to require disclosure "is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 62, 77 S.Ct. at 628. Thus, "[w]here the disclosure of an informer's identity ... is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60–61, 77 S.Ct. at 627–628.

The decision to order disclosure "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the

possible significance of the informer's testimony, and other relevant factors." *Id.* at 62. "Certainly one of the most relevant factors to be weighed by the court [in determining whether to order disclosure] is whether or not the evidence is *material* to the accused's defense . . . ." *United States v. Barnes,* 486 F.2d 776, 778 (8th Cir.1973) (emphasis in original).

█ A number of cases have noted the central importance of materiality. In *Johnson v. Wyrick,* 653 F.2d 1234 (8th Cir.1981), *cert. denied,* 454 U.S. 1149, 102 S.Ct. 1013, 71 L.Ed.2d 302 (1982), this Court held that the refusal of a trial court to require disclosure of an informant where "[n]either of the alleged informant's tips . . . were demonstrated to have led to defendant's arrest or conviction . . ." was not an abuse of discretion. *Id.* at 1239 (quoting *State v. Johnson,* 539 S.W.2d 493, 509–10 (Mo.Ct.App.1976), *cert. denied,* 430 U.S. 934, 97 S.Ct. 1558, 51 L.Ed.2d 779 (1977)). It follows that a trial court acts well within its discretion in refusing to order disclosure of an informant's identity where the materiality of an informant's potential testimony is not demonstrated. *McCray v. Illinois,* 386 U.S. 300, 305–14, 87 S.Ct. 1056, 1059–64, 18 L.Ed.2d 62 (1967); *United States v. Halbert,* 668 F.2d 489, 496 (10th Cir.), *cert. denied,* 456 U.S. 934, 102 S.Ct. 1989, 72 L.Ed.2d 453 (1982); *United States v. Lewis,* 671 F.2d 1025, 1027 (7th Cir.1982); *United States v. Skramstad,* 649 F.2d 1259, 1265 (8th Cir.1981); *United States v. Larson,* 612 F.2d 1301, 1304 (8th Cir.), *cert. denied,* 446 U.S. 936, 100 S.Ct. 2154, 64 L.Ed.2d 789 (1980); *United States v. Arrington,* 618 F.2d 1119, 1125–26 (5th Cir. 1980), *cert. denied,* 449 U.S. 1086, 101 S.Ct. 876, 66 L.Ed.2d 812 (1981); *United States v. House,* 604 F.2d 1135, 1140 (8th Cir. 1979), *cert. denied,* 445 U.S. 931, 100 S.Ct. 1320, 63 L.Ed.2d 764 (1980); *United States v. Barnes,* 486 F.2d 776, 778–79 (8th Cir. 1973); *see also United States v. Pelton,*

578 F.2d 701, 707 (8th Cir.), *cert. denied,* 439 U.S. 964, 99 S.Ct. 451, 58 L.Ed.2d 422 (1978). Conversely, a trial court may abuse its discretion if it orders disclosure of an informant's identity absent a showing of materiality. *See United States v. Skeens,* 449 F.2d 1066, 1070 (D.C.Cir.1971). A determination by the trial court as to the materiality of the informant's possible testimony is therefore a crucial factor in determining whether to order disclosure of an informant's identity.

### III.

In many instances, the materiality of an informant's testimony will be evident from the record, *see, e.g., Roviaro,* 353 U.S. at 62–65, 77 S.Ct. at 628–630, and the trial court will have the facts necessary to engage in the balancing test mandated by *Roviaro.* In the instant case, however, the materiality of the informant's knowledge is in dispute. The Government states that the informant in this case was a mere tipster who simply reported his suspicion of illegal activity to the FBI, and that the informant has no further knowledge of the case. Grisham, on the other hand, contends that because of the crime charged and his defense to that crime, the informant may have evidence material to his defense. The Magistrate, without attempting to resolve these conflicting claims, ordered disclosure. The District Court affirmed the order.

█ After examining the record, we agree with the Government that Grisham's contention that the informant's testimony may be material and exculpatory is sheer speculation. While the Magistrate and the District Court correctly deemed the nature of the crime charged and Grisham's likely defense to be relevant factors to consider, they are not sufficient in this case to overcome the informant privilege.[1] The burden

---

1. It is difficult to see why disclosure should be required in the present case if the informant's only connection with the case, as the Government claims, is that he received a phone call from Grisham which he reported to the FBI. If the informant knows nothing about the theft or about the placement of the hams on or near Grisham's property, his testimony could not be material or helpful to Grisham's defense; the crime charged and Grisham's possible defenses

is on the defendant to show the materiality of the informant's testimony, *United States v. Pantohan*, 602 F.2d 855, 858 (9th Cir.1979), and it requires more than speculation that the evidence an informant may provide will be material to overcome the government's privilege to withhold the identity of the informant. *See United States v. Skeens*, 449 F.2d at 1070. *Roviaro* requires that the trial court balance the Government's privilege to withhold the informant's identity against the defendant's right to discover information. When the degree of materiality of the informant's knowledge is evident, the trial court has significant discretion in determining whether to order disclosure. When allegations as to the materiality of the informant's knowledge are based on mere conjecture, however, a trial court is in no position to determine what to balance against the Government's privilege; at best, this turns the sensitive balancing required by *Roviaro* into a judicial guessing game. *United States v. Lopez*, 328 F.Supp. 1077, 1091 (E.D.N.Y.1971). Or at worst, as noted in *Miller v. United States*, 273 F.2d 279 (5th Cir.1959), *cert. denied*, 362 U.S. 928, 80 S.Ct. 756, 4 L.Ed.2d 747 (1960):

> If the informer's relation to the acts leading directly to or constituting the crime may be assumed from a fertile imagination of counsel, the Government in practically every case would have to prove affirmatively that the informant had not done any such likely acts. Having done that, all would be revealed and the informer privilege, deemed essential for the public interest, for all practical purposes would be no more.

*Id.* at 281. In such a case, we believe that it is an abuse of discretion to order disclosure, and we so hold on the facts of the case before us.

### IV.

Grisham contends that the restrictions incorporated in the Magistrate's order—

that the informant was only to be made available to defense counsel and that defense counsel could not, without further order of the court, disclose the informant's identity to anyone—make the disclosure in this case acceptable. We disagree. The informant privilege is designed to facilitate the exchange of information between the public and the police. We believe that members of the public willing to volunteer information to the police if their anonymity is guaranteed would not be comforted to learn that their identity is to be revealed only to a defendant's lawyer, but not to the defendant himself. While we have no reason to doubt that attorneys generally would respect a court order not to disclose such information to a client, it is not our views, but the views of the public that are important for the purposes of the policy interests sought to be served by the informant privilege. Members of the public may not believe that lawyers would not disclose such information to a client, or they may draw little distinction between such disclosure to a defendant or only to his lawyer. Since the flow of information to police could thereby be severely impaired, we do not believe that disclosure only to defendants' attorneys should be ordered, any more readily than disclosure to defendants should be ordered, without a showing of materiality.

### V.

■ We are mindful, however, of the difficulty a defendant may have in showing that an informant the defendant does not know has information material to his defense, and we note that a District Court is not powerless in such a situation. The District Court may undertake an inquiry into the facts without violating the informant privilege by holding an *in camera* proceeding to determine the materiality of the informant's knowledge.[2] As this Court

seem to have little to do with the nature of the balancing test described in *Roviaro* absent a finding of materiality in the present case.

2. If such a proceeding is undertaken, the trial judge should examine the informant *in camera*, without the presence of government agents or counsel for either party. Without identifying

noted in *United States v. Hurse*, 453 F.2d 128 (8th Cir.1972), *cert. denied*, 414 U.S. 908, 94 S.Ct. 245, 38 L.Ed.2d 146 (1973):

> [I]t would appear that the courts would have the inherent power to hold an *in camera* proceeding where the circumstance warrants so that both the informer witness and the public policy in favor of effective law enforcement may be observed while still making a judicial determination of the need for disclosure where essential to a fair trial.

*Id.* at 130–31; *see also United States v. Weir*, 575 F.2d 668, 672–73 (8th Cir.1978); *see generally United States v. Lopez*, 328 F.Supp. at 1090–91.

The orders of the District Court compelling disclosure of the informant's identity and dismissing the indictment are reversed, subject to the views expressed in Part V of this opinion.

HEANEY, Circuit Judge, concurring in part and dissenting in part.

I concur in the majority opinion insofar as it holds that, on remand, the district court may undertake an inquiry into the facts without violating the informant privilege by holding an *in camera* proceeding without the presence of government agents or counsel for either party. It was not an abuse of discretion, however, for the district court to go a step further and permit counsel for the defendant to be present and conduct the inquiry. That court is familiar with counsel and obviously felt that he could be trusted to follow the court's instructions with respect to developing any information obtained at the hearing. Had the district court decided to the contrary, I would have no difficulty affirming it, but it did not and I see no good reason to hold that it abused its discretion.

the informant, the trial judge should make a record of his findings on the question of materiality. Because such findings may include information that would lead to identification of the informant, the record should be sealed. The sealed record should be preserved so that it will be available to the appellate court in the event review is sought of the trial judge's order granting or denying the defendant's motion to compel disclosure. The trial judge must be vigilant that inadvertent disclosure of the informant's identity not occur. Very important interests may be at stake, and the government well may elect—as it did in the instant case—to protect the informant and suffer dismissal of the indictment rather than comply with an order compelling disclosure.