89 F.3d 824
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Marcelina Enrique ADAMES-SANTOS, Defendant, Appellant.
 No. 95-2323.
 United States Court of Appeals, First Circuit.
 July 18, 1996.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge]
 Michael c. Shklar on brief for appellant.
 Sheldon Whitehouse, United States Attorney, and Zechariah Chafee, Assistant United States Attorney, on brief for appellee.
 D.R.I.
 AFFIRMED.
 Before SELYA, CYR and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Marcelina Enrique Adames-Santos appeals his conviction on three grounds. We summarily affirm.
 
 I. Brady Violation
 
 2
 The first argument is that the government's failure to disclose prior to trial the identity of the confidential informant Miguel Morel, violated Brady v. Maryland, 373 U.S. 83 (1963). "[F]avorable evidence is material, and constitutional error results from its suppression by the government, 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.' " Kyles v. Whitley, 115 S.Ct. 1555, 1565 (1995). The Brady rule does not require the prosecution to reveal before trial the names of all witnesses who will testify against the defendant. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977). "There is no requirement under F.R.Crim. P. 16 or otherwise in the law, mandating the disclosure to the defense of the identity of the government's trial witnesses.... [T]he decision to admit the testimony or evidence is within the discretion of the trial judge." United States v. Reis, 788 F.2d 54, 58 (1st Cir.1986); see also United States v. Edwards, 47 F.3d 841, 843 (7th Cir.1995) ("It is well-settled that the Constitution does not require pretrial disclosure of prosecution witnesses.")
 
 
 3
 Appellant has failed to show a reasonable probability that if he had been informed of Morel's identity prior to trial, the result of the proceeding would have been different. Morel testified on cross-examination that the money he earned as an informant for the Drug Enforcement Administration ("DEA") was his main source of income. Even now, appellant has failed to identify any additional evidence that could have been used to further impeach the witness. The government's failure to disclose Morel's identity prior to trial does not undermine confidence in the jury's verdict. See Kyles, 115 S.Ct. at 1566. Therefore, there was no constitutional violation.
 
 II. Sufficiency of the Evidence
 
 4
 To establish a violation of 21 U.S.C. § 846, the government is required to show, beyond a reasonable doubt, in addition to the existence of the conspiracy itself, an intent on the part of the defendant: "to agree and ... to effectuate the commission of the substantive offense. A defendant need not have had the intent personally to commit the substantive crime." United States v. Piper, 35 F.3d 611, 615 (1st Cir.1994), cert. denied, 115 S.Ct. 1118 (1995). The government establishes the requisite intent by proving beyond a reasonable doubt that the defendant "agree[d] to undertake activities that facilitate[d] commission of a substantive offense, [notwithstanding that he did] not intend to commit the offense himself." Id.[1] "[T]he Government need not prove the commission of any overt acts in furtherance of the conspiracy." United States v. Shabani, 115 S.Ct. 382, 385 (1994).
 
 
 5
 "When a criminal defendant undertakes a sufficiency challenge, all the evidence, direct and circumstantial, must be viewed from the government's coign of vantage, and the viewer must accept all reasonable inferences from it that are consistent with the verdict." United States v. Valle, 72 F.3d 210, 216 (1st Cir.1995). The government's burden of proof "may be satisfied by either direct or circumstantial evidence, or any combination thereof." United States v. Gifford, 17 F.3d 462, 467 (1st Cir.1994).
 
 
 6
 The evidence presented to the jury was sufficient to sustain defendant's guilty verdict. The record contains, among other evidence, accounts of frequent meetings between Morel, Domingo Peguero and appellant in which they discussed drugs and, specifically, ways to "make some transactions of crack." Morel recounted a specific conversation in which appellant said that he had contacts in New York who could supply crack to Morel's contacts in Boston. The evidence also included the transcript of a telephone call from appellant to Morel, made for the purpose of notifying Morel that Peguero was in Boston "doing business" and that "in case these people call you, tell them to hold on until Monday." DEA agents testified that during the October 30 drug transaction, appellant was circling the area in Peguero's car.
 
 
 7
 "[I]t is not a pre-requisite of conviction that the prosecution adduce evidence to preclude 'every reasonable hypothesis of innocence.' " United States v. Montas, 41 F.3d 775, 779 (1st Cir.1994), cert. denied, 115 S.Ct. 1986 (1995). In addition, this court must "resolve all credibility disputes in the verdict's favor." United States v. Taylor, 54 F.3d 967, 974 (1st Cir.1995). Our review of the record persuades us that a rational jury could have found beyond a reasonable doubt that the government had successfully proved the essential elements of the conspiracy charge.
 
 III. Failure to Grant Mistrial
 
 8
 Appellant's final argument is that the district court erred in not granting a mistrial because of the testimony by DEA agent John D. Adams that he had purchased a firearm from Peguero. "[B]ecause mistrials are strong medicine, ... it is only rarely--and in extremely compelling circumstances--that an appellate panel, informed by a cold record, will venture to reverse a trial judge's on-the-spot decision that the interests of justice do not require aborting an ongoing trial." United States v. Pierro, 32 F.3d 611, 617 (1st Cir.1994), cert. denied, 115 S.Ct. 919 (1995). In United States v. Sepulveda, 15 F.3d 1161, 1184-85 (1st Cir.1993), cert. denied, 114 S.Ct. 2714 (1994), this court identified three factors that should be considered in reviewing a district court's decision to deny a mistrial: 1) the appropriateness of the curative instruction, 2) the swiftness of the judicial response, and 3) the presumption that jurors will follow a direct curative instruction.
 
 
 9
 In this case, consideration of the three Sepulveda factors indicates that there was no abuse of discretion in the district court's decision to deny a mistrial or its failure to revisit the issue sua sponte at the end of the trial. The court's curative instructions, given almost immediately after the testimony in question, were swift, clear and direct. There was no room for misinterpretation by the jurors regarding the meaning of the court's instructions. Finally, appellant's claim that the evidence against him was so weak that the jurors must have relied upon the firearm testimony is belied by the record. As discussed above, the evidence was sufficient to support the conviction. Appellant has failed to rebut the presumption that the jury followed the court's curative instructions.
 
 
 10
 Appellant's conviction is summarily affirmed. See Loc. R. 27.1.
 
 
 
 [1]
 Defendant argues that the evidence does not show "an intent on the defendant's part to engage in the sale of crack." Appellant's Brief, p. 15. No such showing is required, however