**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Stephen MORALEZ,**
**Defendant–Appellant.**

**No. 89–1154.**

United States Court of Appeals,
Tenth Circuit.

Oct. 22, 1990.

Before McKAY and MOORE, Circuit Judges, and DUMBAULD, Senior District Judge.[*]

## ORDER

This matter is before the court following a remand ordered in *United States v. Moralez*, 908 F.2d 565 (10th Cir.1990). In that case, we reviewed the district court's refusal to grant defendant's motion for disclosure of the identity of a "confidential informant." The defendant contended the "informant" was a potential eye witness to the events leading to his indictment who could aid his defense with exculpatory testimony. The trial court had denied this motion upon a finding the "informant" was a mere "tipster." Because this finding was made without benefit of evidence or an offer of proof, we were unable to determine whether the district court had made the balancing test required by *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). We therefore remanded this case for the limited purposes of conducting an *in camera* hearing to determine whether disclosure of the identity of the informant is warranted and whether the government has a bona fide interest in resisting disclosure.

The district court conducted a hearing at which it asked counsel for the government and the defendant to submit questions to be asked of the informant. The court then excused counsel and brought the informant into a closed courtroom for interrogation. At the conclusion of the proceeding, the court made findings of fact, which it sealed. These findings, together with the sealed transcript of the *in camera* hearing, have been transmitted to us for further review.[1]

The district court found that the government has demonstrated a need to protect the informant. The court heard testimony that the informant fears retaliation and physical harm if the informant's identity

---

[*] Honorable Edward Dumbauld, Senior District Judge for the Western District of Pennsylvania, sitting by designation.

1. After consideration of the findings of the district court and the record, we are of the opinion that further briefing of the issues would be of no assistance to the court. This matter is therefore submitted upon the record made on remand.

were revealed. There is ample evidence in the record to justify that fear and to support the district court's conclusion. Further disclosure of the circumstances might tend to reveal matters which could lead to the identity of the informant; therefore, we state we are confident this aspect of the *Roviaro* test has been satisfied and there is a legitimate public interest in protecting the identity of the informant.

The trial court next concluded, on the basis of the testimony of the informant, that the person was a "mere tipster." The evidence fully supports that conclusion. It is further evident the informant had only limited information, was not present during the commission of the offense, and could not provide any evidence which is not cumulative or which is exculpatory. To the contrary, the limited information possessed by the informant is strictly inculpatory, and it will not provide material to support his theory of the case or to aid his impeachment of his codefendants as he has asserted.

Because the testimony of the informant would be cumulative, and because the informant was not a participant in or a witness to the crime charged, disclosure is not required. *United States v. Scafe,* 822 F.2d 928, 933 (10th Cir.1987); *United States v. Halbert,* 668 F.2d 489, 496 (10th Cir.1982). Our concerns expressed in our prior opinion have been fully resolved, and we are confident revelation of the identity of the informant was not essential to a fair determination of the charges against the defendant. The mandate is recalled. The judgment of conviction is AFFIRMED. The mandate shall reissue forthwith.