**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Albert EDWARDS and Terry Wilson,
Defendants–Appellants.**

**Nos. 94–2241, 94–2325.**

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 31, 1994.

Decided Jan. 20, 1995.

842

Scott A. Verseman (argued), Office of U.S. Atty., Rockford, IL, for U.S. in No. 94–2241.

Terry L. Deck (argued), Rockford, IL, for Albert Edwards.

Barry Rand Elden, Asst. U.S. Atty., Crim. Receiving, Appellate Div., Chicago, IL, Scott A. Verseman (argued), Office of U.S. Atty., Rockford, IL, for U.S. in No. 94–2325.

A. Curtis Washburn (argued), Rockford, IL, for Terry Wilson.

Before BAUER, KANNE and ROVNER, Circuit Judges.

ILANA DIAMOND ROVNER, Circuit Judge.

Albert Edwards, Terry Wilson, Leroy Nolan and Michael Henderson, all alleged members of a drug distribution network known by prosecutors as the "Henderson" organization, were charged with conspiring to distribute cocaine base and with using firearms in relation to a drug trafficking offense. Wilson, Nolan and Henderson were also charged with distributing cocaine base. After the cases of Nolan and Henderson had been severed for separate trials, Edwards and Wilson were tried before a jury and, following three days of testimony, convicted on all counts. Edwards and Wilson now appeal their convictions, arguing that the district court abused its discretion in allowing the government to call a witness, Bryant Nolan, whose name had not been disclosed to the defense until the day of his testimony. We affirm.

I.

On the first day of trial, January 18, 1994, the government filed a supplemental notice of its intention to offer Rule 404(b) evidence, but explained that it wished to withhold the name of the witness who would provide the testimony because it feared that he might be harmed or intimidated.[1] Defense counsel did

1. One week prior to trial, at a January 11, 1994 pre-trial conference, the government had offered to provide the court with a list of potential witnesses for the purpose of jury voir dire. Al-

not object or move the court for disclosure of the witness' identity. (*See* Jan. 18, 1994 Tr. at 26–27.) At the end of the second day of trial, the government indicated that it would call the Rule 404(b) witness the following day and that, still fearing for his safety, it would produce the witness' name along with the material necessary for his impeachment "first thing" the next morning. (Jan. 19, 1994 Tr. at 287–89.) On the morning of January 20, the government delivered to defense counsel a letter that identified the witness as Bryant Nolan, an unindicted member of the Henderson organization. The letter detailed Nolan's criminal history, the benefits he would obtain by testifying (a reduction of his sentence on state charges and immunity from federal prosecution), and his anticipated testimony. (A. 36.) The defendants moved for the exclusion of Nolan's testimony, but the court denied their request, explaining that Rule 404(b) did not require disclosure of the witness' identity and that the supplemental Rule 404(b) notice had sufficiently detailed the anticipated testimony. Edwards and Wilson now appeal that ruling.

## II.

We review the district court's evidentiary rulings deferentially, reversing only upon finding an abuse of discretion. *United States v. James*, 40 F.3d 850, 868–69 (7th Cir.1994), *petition for cert. filed* (Dec. 12, 1994); *United States v. Gootee*, 34 F.3d 475, 477 (7th Cir.1994). Here, the court's refusal to exclude Nolan's testimony was clearly proper. First, the defendants were not entitled to earlier disclosure of Nolan's identity. It is well-settled that the Constitution does not require pretrial disclosure of prosecution witnesses. *See Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 845, 51 L.Ed.2d 30 (1977); *United States v. Moore*, 936 F.2d 1508, 1514–15 (7th Cir.), *cert. denied*, 502 U.S. 991, 112 S.Ct. 607, 116 L.Ed.2d 630 (1991); *United States v. Napue*, 834 F.2d 1311, 1317 (7th Cir.1987). Nor does Fed. R.Crim.P. 16, which governs discovery in criminal cases, require such disclosure.[2] Of course, as the defendants point out, the district court may order such disclosure under appropriate circumstances pursuant to its "inherent power ... to assure the proper and orderly administration of criminal justice." *Napue*, 834 F.2d at 1318; *see also United States v. Moore*, 936 F.2d at 1515. But this case certainly did not call for such a measure.[3]

Indeed, given the numerous bases underlying the government's concerns, this seems to us a paradigmatic case for nondisclosure. Bryant Nolan had repeatedly expressed to prosecutors that he feared retaliation, and his fears did not appear to be irrational. Nolan testified, for example, that Edwards had often threatened him with a gun and recalled one occasion on which Edwards had, with gun in hand, threatened to "pop" him if he did not comply with Edwards' demands. (Jan. 20, 1994 Tr. at 354–56.) Abundant evidence also suggested that Edwards, Wilson and the other members of the conspiracy

though the court stated that it wished to receive such a list on the first day of trial, it did not order the government to disclose a complete witness list. Bryant Nolan was not included on the list that was provided to the court.

2. For the first time on appeal, the defendants argue that the evidence should have been excluded pursuant to Fed.R.Crim.P. 16(d)(2), which provides:

> **Failure to Comply With a Request.** If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances.

But the remedies provided in Rule 16(d)(2) become appropriate only when there has been a failure to comply with Rule 16. Because that rule does not require the disclosure of the government's witness list and because the defense did not in any event request a witness list, Rule 16(d)(2) is irrelevant.

3. Despite the defendants' present focus on this point, the district court's failure to order disclosure of Nolan's identity is not before us, because the defendants at no time moved the trial court for that remedy. Instead, because they sought only to exclude Nolan's testimony, the district court's ruling on that motion is the only question we must address. The nondisclosure issue is relevant only insofar as it underlies our analysis of the court's evidentiary ruling.

had routinely used firearms in the course of their drug trafficking activities. And contrary to defendants' argument, the fact that both Edwards and Wilson were in custody prior to trial did not eliminate the risk to Nolan.[4] Not only did other members of the conspiracy remain at large, but evidence excluded at trial also suggested that Edwards and Wilson were members of the "Gangster Disciple" street gang, whose members Nolan also feared. The potential danger to Nolan remained substantial, then, even though Wilson and Edwards were incarcerated. In addition, codefendant Leroy Nolan had already attempted to tamper with government witness Candace Cattage, whose identity and expected testimony had been revealed to the defendants, by asking her to commit perjury. That incident, which for reasons not relevant here compelled Leroy's attorney to withdraw from the case, ultimately required the severance of Leroy's trial. The government's decision to withhold Bryant Nolan's identity under these circumstances was certainly proper, and the district court had no reason to interfere with that decision. Indeed, these facts closely parallel those under which we have recognized nondisclosure to be justified (see, e.g., Napue, 834 F.2d at 1318; United States v. Harris, 542 F.2d 1283, 1291 (7th Cir.1976), cert. denied, 430 U.S. 934, 97 S.Ct. 1558, 51 L.Ed.2d 779 (1977)),[5] and at least one court has reversed a district court's order requiring disclosure under similar circumstances (see United States v. Higgs, 713 F.2d 39 (3d Cir.1983), cert. denied, 464 U.S. 1048, 104 S.Ct. 725, 79 L.Ed.2d 185 (1984)).

■ Even leaving the propriety of the district court's ruling to one side, however, the defendants' argument still must fail because they have not established that they were in any way prejudiced by the admission of Nolan's testimony. See Weatherford, 429 U.S. at 561, 97 S.Ct. at 846; Napue, 834 F.2d at 1323; Harris, 542 F.2d at 1291. At trial, the defendants advanced three reasons for the exclusion of Nolan's testimony. First, they

contended that defense counsel would not have time to discuss Nolan with their clients and thereby develop a strategy for his impeachment. But the defendants did not move for a continuance or even request a recess, which presumably could have cured any prejudice caused by the lack of notice. Allowing defense counsel time for a simple discussion with their clients would have imposed so slight a burden that we must assume such a request would have been granted. In any event, defendants have not to this day identified a single fact that could have been uncovered with more time to investigate Nolan.

■ Second, Wilson argued that had he been aware of Nolan's testimony, which implicated primarily Edwards, he would have requested a severance of his trial. But again, Wilson did not seek such relief at the time; he asked only that Nolan's testimony be excluded. (Jan. 20, 1994 Tr. at 315.) The solution to Wilson's problem (if one actually existed) would have been to request a severance when it became clear to him that Nolan's testimony was potentially prejudicial. Because the lack of prior notice did not preclude him from making such a motion at that time, it has no bearing on the severance issue, and that issue is simply waived.

■ Finally, the defendants complained that Nolan's testimony went beyond the scope of the government's January 18 Rule 404(b) notice, but they have not renewed that objection on appeal. (See id. at 314–15.) On appeal, they raise one new argument—that had they been aware of Nolan's testimony, they would have adopted a different strategy in their cross-examination of government witness Melvin Jones, who had testified previously. That alleged harm, however, could again have been cured by simply requesting that Jones be recalled, which defense counsel did not do. Indeed, because the argument regarding Jones was not even raised before the district court, it too has been waived.

---

4. Significantly, Wilson's bond had been revoked after he shot a sixteen-year-old boy in the basement of his mother's home.

5. As we noted in Napue, Congress cited this same type of concern when it rejected a proposal to

include a witness list disclosure requirement in Fed.R.Crim.P. 16. See 834 F.2d at 1317 (quoting H.R.Conf.Rep. No. 94–414, 94th Cong., 1st Sess. 12, reprinted in 1975 U.S.C.C.A.N. 674, 713, 716.)

## III.

The district court's denial of defendants' motion to exclude Nolan's testimony was not an abuse of its discretion. The convictions of Edwards and Wilson are AFFIRMED.