UNITED STATES of America

v.

Alexander HOLGUIN & Salvatore Bova.

Criminal No. 3:95cr136 (DJS).

United States District Court,
D. Connecticut.

Oct. 1, 1996.

Robert M. Casale, Branford, CT, Richard Peter Silverstein, New Haven, CT, for Alexander Holguin.

C. Thomas Furniss, Furniss & Quinn, Hartford, CT, for Salvatore Bova.

Christopher F. Droney, Peter D. Markle, U.S. Attorney's Office, New Haven, CT, Alex V. Hernandez, U.S. Attorney's Office, Bridgeport, CT, for the U.S.

## MEMORANDUM OPINION AND ORDER

SQUATRITO, District Judge.

This matter is before the court on Defendant Bova's Supplemental Motion for Order that Government Produce Informant for Interview as well as his Renewed Motion to Suppress Evidence and Statements. The government is ordered to arrange for an in camera examination to be conducted by the court so that the court may determine whether disclosure is warranted.

## I. BACKGROUND

The Defendant Salvatore Bova ("Bova" or "Defendant") was indicted along with co-Defendant Alexander Holguin ("Holguin" or "co-Defendant") for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine based on events which occurred on December 3, 1993.[1] The Defendant moved to suppress cocaine seized from him on that date as well as statements he made on that date and on a subsequent date. At the suppression hearing, the government produced law enforcement officers who testified that they had been in contact with a confidential informant ("CI" or "informant") who provided information that the Defendant was selling cocaine. They also testified that prior to their contacts with the CI they had "information" that the Defendant was selling cocaine.

They further testified that on December 3, 1993, they allegedly were contacted by the CI and told that the Defendant would meet another individual at a certain Texaco station located in New Haven at 5 p.m. and that that individual would be from New York. According to the officers' testimony, they arrived at the Texaco station at approximately the time described and observed from a distance of approximately 50 to 80 feet the Defendant pass a plastic bag with white or clear substance from his vehicle to the individual in a grey vehicle with New York plates. *See* Transcript, February 16, 1996, p. 46; Transcript, March 4, 1996, p. 144. According to the officers, this individual turned out to be co-Defendant Alexander Holguin.

The court found that the CI's information together with the observation by the officers of an apparent drug transaction which conformed to the CI's report of what would transpire provided probable cause for the arrest of the Defendant on that date. As a

---

1. In the same indictment, Holguin was also charged with another offense for possession of cocaine with intent to distribute on a subsequent occasion.

result, the court denied the Defendant's motion to suppress the cocaine seized from the Defendant's truck at his arrest due to the lawfulness of the arrest and the inevitable inventory of said vehicle incident to arrest. Certain statements made at the scene on such date were suppressed due to the failure of the police to provide the Defendant his Miranda rights, while others on said date and a following date were not suppressed.

Since the date of this ruling, the Defendant has submitted sealed affidavits from his wife and himself as well as a report from a polygraph examiner confirming the truthfulness of certain of the Defendant's statements in his own affidavit. He presently seeks to conduct an interview of the CI and has renewed his request to suppress both tangible evidence and statements.

## II. DISCUSSION

▪ Generally, where the request for the disclosure of an informant is made for the purpose of casting doubt upon the credibility of government witnesses, it will not overcome the informant's privilege. *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir.1984); *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir.1988), *cert. denied*, 489 U.S. 1089, 109 S.Ct. 1555, 103 L.Ed.2d 858 (1989). Disclosure is not required unless the informant's testimony is material to the defense. *Id.* Not even an informant's observation of the crime and his status as a witness or a participant alone require disclosure where such testimony would have only marginal value to the Defendant. *See id.* (citing *United States v. Jimenez*, 789 F.2d 167, 170 (2d Cir.1986)). Finally, disclosure is never required at a suppression hearing, but is a matter of discretion for the trial court. *See United States v. Raddatz*, 447 U.S. 667, 679, 100 S.Ct. 2406, 2414, 65 L.Ed.2d 424 (1980) (citing *McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967)).

▪ The question in this case is whether the testimony of the informant is crucial to the Defendant's pretrial motions such that fairness concerns outweigh the government's interest in maintaining the confidentiality of the informant's identity. *United States v. Aristizabal*, No. Cr–93–00424 (CPS), 1993 WL 262714 at *9 (E.D.N.Y., June 25, 1993). *See United States v. Foster*, 815 F.2d 1200, 1202 (8th Cir.1987); *United States v. Molina*, 789 F.Supp. 106, 110 (E.D.N.Y.1992), *aff'd*, 48 F.3d 1213 (2d Cir.1994). Where the Defendant seeks disclosure of the identity of an informant on a motion to suppress, disclosure will be deemed appropriate only where the information from the informant constitutes the "essence," "core," or "main bulk" of the evidence which would establish probable cause, *United States v. Tucker*, 380 F.2d 206, 212 (2d Cir.1967); *United States v. Comissiong*, 429 F.2d 834, 838–839 (2d Cir.1970), and "where the critical information ascribed to [the informant] is not in any significant manner corroborated by independent evidence." *United States v. Manley*, 632 F.2d 978, 985 (2d Cir.1980), *cert. denied*, 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981).

During the pre-trial suppression hearing, the government introduced evidence that the CI gave the law enforcement agents a specific tip as to where and when the Defendant would engage in a drug transaction, as well as specific information as to the description of the other participant. At the hearing, those law enforcement agents testified that they witnessed the Defendant engage in a drug transaction in accordance with information provided by the CI and, most importantly in this case, at a specific Texaco gas station in New Haven. The officers allegedly observed the transaction from a distance. They testified that they saw a plastic bag with white or clear substance being passed from the co-Defendant Alexander Holguin to the Defendant.

On August 21, 1996, co-Defendant Holguin pleaded guilty to possession of cocaine with intent to distribute. *See* Transcript, Aug. 21, 1996. During a colloquy with the court, Holguin stated that at no time on December 3, 1996 was he at the Texaco station described by the officers at Bova's suppression hearing. Rather, he stated under oath and after being advised of the penalty for perjury that the drug transaction he participated in occurred at Defendant Bova's residence.

The court finds that, after a review of the record in this case, Bova's request for disclo-

**160**

sure is not made with the sole intent of embarrassing the government. *See United States v. Soles,* 482 F.2d 105, 109–10 (2d Cir.), *cert. denied,* 414 U.S. 1027, 94 S.Ct. 455, 38 L.Ed.2d 319 (1973). It also finds that his request is not a fishing expedition, *cf. United States v. Berrios,* 501 F.2d 1207, 1211 (2d Cir.1974), or based upon bare speculation that the information may possibly prove useful, *cf. United States v. Prueitt,* 540 F.2d 995, 1003 (9th Cir.1976), *cert. denied,* 429 U.S. 1063, 97 S.Ct. 790, 50 L.Ed.2d 780 (1977). *Cf. Dole v. Local 1942, Int'l. Broth. of Electrical Workers, AFL–CIO,* 870 F.2d 368 (7th Cir.1989) (informant privilege will not yield to fishing expedition or bare speculation that the information may possibly prove useful).

### 1. Whether the CI's tip is the "essence" or "core" of probable cause.

Whether independent evidence establishing probable cause in this case is sufficient to render the CI's information less than the "essence" or "core" of probable cause is dependent upon whether the court believes the government's witnesses and their account of the Defendant's participation in a drug transaction at the Texaco station described. Prior to the officers' receipt of information from the CI, the government had "information" that Bova was distributing cocaine out of a bar the Defendant owned in New Haven. Transcript, March 4, 1996, p. 129. If the officers' testimony as to their observations on that date is believed, that may render the existence of the CI and information provided by him or her non-essential to the establishment of probable cause to arrest. *See Commissiong,* 429 F.2d at 836 (agent's observations diminished importance of informant's tip). *Cf. id.,* 429 F.2d at 838–39 (officer's observation of cellophane package together with knowledge of defendant's prior narcotics conviction went "most if not all the way" toward establishing probable cause) (citation omitted). However, if the officers' testimony as to what they saw is not believed, the CI's information would be the "core" to establishing probable cause. Because the record reflects a significant discrepancy of what occurred on December 3, 1996, the court is unwilling to find at this stage of the court's

inquiry that the CI's information is less than the "essence" of probable cause.

### 2. On-the-scene corroboration of the CI's tip

In addition, even if the independent evidence of the officers' observations is not sufficient to establish probable cause in this case apart from information the CI gave, if it constitutes a sufficient voucher against fabrication, disclosure will not be justified. *Id.* The court finds similarly, however, that this inquiry is dependent upon the credibility of the government witnesses.

Although the court is aware that on-the-scene corroboration of key elements of an informer's tip will usually serve as an additional safeguard against fabrication, *see United States v. Carneglia,* 468 F.2d 1084, 1088 (2d Cir.1972) (citing *United States v. Tucker,* 248 F.Supp. 911, 915 (S.D.N.Y.1965), *aff'd,* 380 F.2d 206, 211 (2d Cir.1967)), *cert. denied,* 410 U.S. 945, 93 S.Ct. 1391, 35 L.Ed.2d 611 (1973), such is the case where the court assumes that the government's testimony as to the existence of the informant as well as the substance of the information received is truthful, *Tucker,* 380 F.2d at 212.

In this case, however, it is this very on-the-scene corroboration which may be challenged as false. Although perjury by law enforcement agents is not a common occurrence, *id.,* the above-mentioned assumption does not apply in this case because the court finds that it would not be entirely "incredible" for the agents' testimony and reports to have been false, *cf. id.,* in light of Holguin's statements. Furthermore, "[i]t would be circular bootstrapping to credit [the government witness'] observation[s] because [they] jibe[ ] with the informant's report, and then credit [their] account of the informant's report because of [their] observation[s]" where the existence of the informant is in issue. *United States v. Danesi,* 342 F.Supp. 889, 893 (D.Conn.1972) (where existence of informant is at issue on motion to suppress and Defendant's evidence fairly puts in issue such existence, in camera examination of informant is appropriate).

Both the CI's report as well as the claimed observation of the drug transaction

at the Texaco station could have been reconstructed after the arrest and seizure. *id.* It is important to recognize that police observations may be probative for determining the credibility of an informant's report, but they do not normally establish the existence of an informant or his report, *id.*, 342 F.Supp. at 894 n. 3, or that his report was not misrepresented. Thus, the court also finds there is no independent circumstantial evidence at this point insuring against the possibility of fabrication by an informant, *see Comissiong*, 429 F.2d at 839, if one exists.

### 3. In camera examination by the court

In light of the record, *see* Transcript, Aug. 21, 1996, the court finds that the case of *United States v. Danesi*, 342 F.Supp. 889 (D.Conn.1972) (Newman, J.) is useful in providing guidance for the proper course of action. As in *Danesi*, (1) the information from the informant as to the place, time, and specifics of a future drug transaction claimed to have been witnessed by government agents is the core of probable cause [2]; (2) recent events in the record have put in issue the existence of the CI or his report of the imminent drug transaction allegedly observed by government agents; and (3) the informant's alleged information that the transaction was to occur at the Texaco station could easily have been reconstructed after the arrest and seizure.

The court is cognizant of the three factors to consider when weighing the parties' competing interests in determining whether the disclosure of the CI is warranted. *See Unit-* ed States v. Aristizabal, No. Cr–93–00424 (CPS), 1993 WL 262714 at *10 (E.D.N.Y., June 25, 1993) (the three factors are whether the confidential informant was an eyewitness or mere tipster, the relationship between the issue and the probable testimony of the confidential informant, and the government's interest in nondisclosure). It shall consider these factors after conducting the in camera examination of the CI.

The government is given two weeks from the date hereof to make appropriate arrangements for the court's in camera examination of the informant. The examination shall be conducted by the court without the presence of either party. *Danesi*, 342 F.Supp. at 895.

The transcript shall be sealed and shall be available only by reviewing courts. *Danesi*, 342 F.Supp. at 895. If the examination should produce reasons why disclosure is warranted under *Roviaro v. United States*, 353 U.S. 53, 61, 77 S.Ct. 623, 628, 1 L.Ed.2d 639 (1957), the government will be given a further opportunity to decide whether to disclose the informant's identity to the Defendant or to keep his or her identity secret and suffer any resulting adverse judicial decision. *Danesi*, 342 F.Supp. at 895. Should the government refuse to produce the CI for the in camera examination, the Defendant's renewed motion to suppress will be granted because the court will find that the record does not provide a sufficient basis for a fair determination on the issue of probable cause. *Id.*

---

**2.** In *Danesi*, the Defendant demonstrated the problem with the government witness' credibility as to his alleged observation of the Defendant's possession of a firearm by demonstrating the implausibility of the officer's ability to observe the firearm from the distance involved. In this case, co-Defendant Holguin flatly contradicted the officers' account that the Defendants engaged in a drug transaction on December 3, 1993 at the specified Texaco station.

Further, the record of the suppression hearing reflects potential conflicting testimony between the two officers who allegedly witnessed the drug transaction as to the size of the bag passed from one Defendant to the other. *See* Transcript, March 4, 1996, pp. 134, 138, 140, and 143. In addition, the record reflects the officers claimed to have witnessed Bova receive a bag through the driver's window while seated in the driver's seat of his truck, yet they also testified that their view was limited to the upper portion of the driver's side window. *See* Transcript, March 4, 1996, p. 135. Although these potential inconsistencies were not deemed significant enough for the court in ruling on the motion to suppress to discredit the officers' testimony, new evidence now exists. In light of Holguin's testimony, the record now casts sufficient doubt upon the court's prior ruling such that a reopening of the suppression hearing at this point, regardless of what is disclosed by any CI during an in camera examination, would be in the interests of justice. *See United States v. Nezaj*, 668 F.Supp. 330 (S.D.N.Y. 1987); *United States v. Raddatz*, 447 U.S. 667, 678 n. 6, 100 S.Ct. 2406, 2414 n. 6, 65 L.Ed.2d 424 (1980) (district court's decision to consider anew a motion to suppress previously denied is within its sound judicial discretion).

### III. CONCLUSION

The government is ordered to arrange for the informant's in camera examination by the court during the week of October 21, 1996. The Defendant's Renewed Motion to Suppress Evidence and Statements (document #60) and Supplemental Motion for Order that Government Produce Informant for Interview are UNDER ADVISEMENT.

It is **so ordered.**