**Leonard BUTCHER, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

**No. 283, 2005.**

Supreme Court of Delaware.

Submitted: June 28, 2006.
Decided: Aug. 17, 2006.

---

Sandra W. Dean, Esquire, Office of the Public Defender, Dover, Delaware, for appellant.

John Williams, Esquire, Department of Justice, Dover, Delaware, for appellee.

Before STEELE, Chief Justice, HOLLAND, BERGER and JACOBS, Justices, and NOBLE, Vice Chancellor,[1] constituting the Court en Banc.

HOLLAND, Justice.

The defendant-appellant, Leonard P. Butcher, appeals from his conviction and sentence for Delivery of a Narcotic Schedule II Controlled Substance in violation of title 16, section 4751(a) of the Delaware Code.[2] In this appeal, Butcher contends that the trial judge abused his discretion in refusing to compel the State to disclose the identity and whereabouts of a confidential informer who arranged and witnessed the drug transaction that led to Butcher's arrest.[3] We have concluded that the trial judge did not conduct an adequate *in camera* hearing to determine whether the informer had information that could materially aid Butcher's defense of mistaken identity. Accordingly, we must remand this matter to the Superior Court to conduct another *in camera* hearing.

### Facts

On January 6, 2004, Delaware State Police Trooper Ronald R. Voshell and Dover Police Detective Marvin C. Mailey Jr. were working undercover on a drug purchase arranged by a confidential informer. The informer telephoned a man by the nickname of "Chow" and agreed to meet him at the corner of Fulton and North New Streets in Dover around 3 p.m. that day. After the informer made the telephone call, Trooper Voshell drove to the meeting place. The informer rode in the car with him.

Before Trooper Voshell and the informer arrived at the designated intersection, Detective Mailey drove by in an unmarked car with tinted windows. Detective Mailey saw two men standing on the corner. He recognized one of the men from past encounters as Leonard Butcher, nicknamed "Chow." Detective Mailey testified that Butcher was wearing blue jeans, white sneakers, a black winter coat, and a blue baseball cap. Detective Mailey did not recognize the other man.

Detective Mailey also saw Trooper Voshell's car pull up to the curb and watched Butcher begin to walk toward the car. Because Detective Mailey did not stop, but

1. Sitting by designation pursuant to Del. Const. art. IV, § 12 and Supr. Ct. R. 2 and 4.

2. Del.Code Ann. tit. 16, § 4751(a) (2006).

3. In this appeal, Butcher also argues that the trial court abused its discretion when it denied his motion to suppress as evidence any out-of-court or in-court testimony by the undercover police officer identifying Butcher as the person from whom the officer purchased the crack cocaine. We do not address this issue at this time.

continued driving past the intersection, he did not actually observe the drug purchase.

At trial, Trooper Voshell testified that a man approached the car and leaned his head in through the passenger-side window. Trooper Voshell held up a $20 bill and asked the man for a twenty piece of crack cocaine. The man left and returned less than a minute later. He leaned his head into the car again and handed Trooper Voshell a rock of crack cocaine in exchange for the money.

Trooper Voshell drove away and met with Detective Mailey immediately to give him the drugs for forensic analysis. That analysis later revealed the substance was indeed crack cocaine. Trooper Voshell and Detective Mailey met again about forty-five minutes after the drug purchase. Detective Mailey showed a computer-generated photograph of Butcher to Trooper Voshell, who identified the man in the photograph as the person from whom he had purchased the drugs. At trial, however, Trooper Voshell testified that he did not recall what the man who sold him the drugs was wearing.

### Procedural Background

Butcher was charged by indictment with Delivery of a Narcotic Schedule II Controlled Substance. Prior to his trial, Butcher filed a motion to disclose the identity and whereabouts of the confidential informer who arranged the drug purchase and witnessed the sale. After conducting an *in camera* hearing on December 14, 2004, the trial judge concluded that the informer did not have information that would materially aid Butcher's defense and denied the motion. The record of the *in camera* hearing was sealed.

Butcher's trial commenced on March 24, 2005. He was found guilty and on June 14, 2005 sentenced to be incarcerated for fifteen years. Butcher filed a timely appeal. Butcher also filed a motion in this Court to unseal the record of the *in camera* hearing. We denied Butcher's motion for failure to show good cause.[4] Nevertheless, this Court examined the sealed record to determine if the hearing had been conducted properly.

### Butcher's Pretrial Motion

In his pretrial motion to compel disclosure of the informer's identity, Butcher submitted that the informer's identity should be revealed because the informer was the only person other than Trooper Voshell who witnessed the purchase. The informer was in the car with Trooper Voshell during the exchange. Detective Mailey did not actually observe the transaction. He only saw Butcher begin to walk toward the car. Butcher argued that the informer was in a unique position to know which person standing on the corner, Butcher or the unidentified man, sold the crack cocaine to Trooper Voshell. Therefore, Butcher maintained, the informer might have information that could materially aid his defense of mistaken identity.

Delaware Rule of Evidence 509(c)(2) provides that where a defendant claims that an informer may be able to give testimony that could materially aid the defense, and the State claims the informer's identity is privileged, the trial judge must determine whether the informer can supply such testimony. In Butcher's case, the trial judge conducted an *in camera* hearing. He then ruled that the informer could not give testimony that would materially aid the defense and denied Butcher's motion to compel disclosure of the informer's identity and whereabouts. A record

---

4. *Butcher v. State*, No. 283, 2005, Holland, J. (July 15, 2005) (Order).

of the hearing was sealed by the Superior Court.

### Record of Hearing

Butcher asked this Court to review the sealed record of the *in camera* hearing to "determine if the informer was properly examined by the trial court." Since the record is sealed, Butcher does not know the manner in which the *in camera* hearing was conducted. However, Butcher urges this Court to adopt the standard for conducting an *in camera* hearing with an informer that is followed by some of the United States Circuit Courts of Appeals: the trial judge questions the informer with only a court reporter present and does not permit the attorneys for either party or the police officers who worked with the informer to attend the *in camera* hearing.[5]

Our examination of the sealed record of the *in camera* hearing conducted in Butcher's case reflects that the prosecutor questioned Trooper Voshell and Detective Mailey in the presence of the trial judge and a court reporter. Neither Butcher nor his attorney was present. The informer was not present because, according to the prosecutor, the informer was incarcerated in another state. The State did not submit an affidavit from the informer for *in camera* review.

### Informer Privilege—D.R.E. 509

Congress deleted the proposed rules governing all specific privileges from the Federal Rules of Evidence prior to their enactment into law.[6] The rationale of Congress in rejecting Article V—Privileges—was that federal law should not supersede the law of the states in the area of privilege.[7] Since that rationale is not pertinent to a state, this Court adopted Article V—Privileges—as modeled on Uniform Rule of Evidence Article V[8] and United States Supreme Court Standard 510.[9]

The use of informers is a time-tested and necessary aspect of effective law enforcement. Delaware Rule of Evidence ("D.R.E.") 509(a) recognizes a rule of privilege that protects the identity of persons who furnish the State with information concerning possible violations of the law.[10] D.R.E. 509(b) provides that the privilege may be claimed by the public entity to which the information was furnished. Notwithstanding the salutary values served by the privilege, D.R.E. 509(c) pro-

5. *See United States v. Savage,* 969 F.Supp. 450, 453–454 (E.D.Mich.1997) ("the most suitable way in which to hold the *in camera* hearing is outside the presence of the government's attorney, the defendant and the defense attorney"), *aff'd* 191 F.3d 454, 1999 U.S.App. LEXIS 23344 (6th Cir. Sept. 21, 1999); *United States v. Moralez,* 917 F.2d 18 (10th Cir.1990) (Order) (trial court asked counsel for the government and the defendant to submit questions to be asked of the informer, then excused counsel and brought the informer into a closed courtroom for interrogation); *United States v. Grisham,* 748 F.2d 460, 465 (8th Cir.1984) ("the trial judge should examine the informant *in camera,* without the presence of government agents or counsel for either party"). *See also United States v. Holguin,* 946 F.Supp. 157, 161 (D.Conn.1996) (Mem. & Order) (*in camera* examination of the informer "shall be con- ducted by the court without the presence of either party"); *United States v. Danesi,* 342 F.Supp. 889, 895 (D.Conn.1972) (counsel for neither side shall be present at *in camera* examination of the informer).

6. 2 James Wm. Moore et al., Moore's Federal Rules Pamphlet: Federal Rules of Evidence 870–71 (1998).

7. *Id.*

8. *See* Comment to D.R.E. 501.

9. 2 James Wm. Moore et al., Moore's Federal Rules Pamphlet: Federal Rules of Evidence 870–71 (1998).

10. *See also McCray v. Illinois,* 386 U.S. 300, 309, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967).

vides that the right to withhold the informer's identity is not absolute.[11]

The identity of a person who has given information to a law enforcement officer to assist in a criminal investigation is privileged under D.R.E. 509(a) unless the informer is "able to give testimony which would materially aid the defense."[12] The trial judge must determine whether the informer's testimony would materially aid the defense.[13] That determination is generally accomplished by conducting an *in camera* hearing.[14]

### Informer Privilege—Flowers Precedent

The comment to D.R.E. 509 notes that the Delaware rule of informer privilege follows, in part, the Superior Court's holding in *State v. Flowers*.[15] In *Flowers*, a confidential informer introduced an undercover police officer to the defendant. The police officer then purchased heroin from the defendant. The defendant asserted an alibi defense and argued that identification of the informer would show that the defendant was not present at the drug transaction. The Superior Court determined that where the State claims that the identity of an informer is privileged, the trial court must examine, in detail and case-by-case, whether the informer's identity should be disclosed.[16]

The Superior Court in *Flowers* relied upon *Roviaro v. United States*,[17] which recognized the government's privilege to withhold the identity of informers. In that case, the United States Supreme Court determined "no fixed rule with respect to disclosure is justifiable."[18] Instead, the Supreme Court held, the trial court must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense."[19] The trial court must also consider "particular circumstances of each case," including the crime with which the defendant has been charged, the possible defenses, the possible significance of the informer's testimony and any other relevant factors.[20]

In *Flowers*, the Superior Court described four situations in which the issue of disclosing the informer's identity arises: (1) the informer was merely used to establish probable cause for a search; (2) the informer witnessed the criminal act; (3) the informer participated in, but was not a party to, the illegal transaction; and (4) the informer was an actual party to the illegal transaction.[21] In *Flowers*, the Superior Court noted that while the privilege is generally protected in the first situation[22] and disclosure is usually required in the fourth situation,[23] there is no general rule for the second and third situations—

11. See, e.g., *Roviaro v. United States*, 353 U.S. 53, 62, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

12. D.R.E. 509(c)(2). See also *Riley v. State*, 249 A.2d 863, 866 (Del.1969).

13. D.R.E. 509(c)(2).

14. *Id.*

15. *State v. Flowers*, 316 A.2d 564 (Del.Super.1973). The first sentence of Rule 509(c)(2) was rewritten to conform this rule with the holding in *Flowers*. See Comment to Rule 509.

16. *State v. Flowers*, 316 A.2d at 565.

17. *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

18. *Id.* at 62, 77 S.Ct. 623.

19. *Id.*

20. *Id.*

21. *State v. Flowers*, 316 A.2d at 567.

22. *Id.* (citing *Riley v. State*, 249 A.2d 863, 866 (1969)).

23. *State v. Flowers*, 316 A.2d at 567.

where the informer witnessed the criminal act or participated in the illegal transaction.[24] In the second and third scenarios, disclosure of the informer's identity is required only if the trial judge determines that the informer's testimony is material to the defense.[25]

In *Flowers*, as in Butcher's case, where the informer put the police officers in contact with the defendant and was present during the transaction, the Superior Court properly ordered two appropriate procedures. First, the State was required to submit affidavits, which would be sealed, to support the State's argument that the informer's identity should not be disclosed. Second, the State was required to produce the informer for an *in camera* examination by the trial judge, so that the trial judge could determine whether disclosure of the informer's identity would materially aid the defense.[26]

## Informer Privilege—In Camera Hearings

It is now well-settled in federal courts that an *in camera* hearing provides the most suitable method for accomplishing the balancing of competing interests that is required by *Roviaro*.[27] As in *Flowers*, most of the United States Circuit Courts of Appeals require the trial judge to interview the informer *in camera*, rather than rely solely on the statements of the prosecution or the police officers who worked with the informer, to determine whether the informer has information that could materially aid the defense.[28] An *in cam-*

24. *Id.*

25. *Discovery—Government's Preservation Duties*, 34 Geo. L.J. Ann. Rev.Crim. Proc. 324, 326–27 nn. 1104 & 1005 (2005) (collecting cases).

26. *State v. Flowers*, 316 A.2d at 568.

27. *See Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). *See also United States v. Rawlinson*, 487 F.2d 5, 7 & n. 2 (9th Cir.1973) (court "believe[d] that in most situations an *in camera* hearing provides a salutary means by which to satisfy the balancing of interests required by *Roviaro* " and recognized that *in camera* procedure was approved in a number of other circuits, including the Third, Sixth and Eighth Circuits), *cert. denied*, 415 U.S. 984, 94 S.Ct. 1579, 39 L.Ed.2d 881 (1974).

28. *State v. Flowers*, 316 A.2d at 567. *See United States v. Savage*, 969 F.Supp. 450, 454 (E.D.Mich.1997) (holding that, should the need arise, the trial court should examine *in camera* both the informant and the government agents who participated in the undercover drug buys), *aff'd*, 191 F.3d 454, 1999 U.S.App. LEXIS 23344 (6th Cir. Sept. 21, 1999); *United States v. Mabry*, 953 F.2d 127, 132 (4th Cir.1991) (finding *in camera* interview of informer sufficient to support trial court's finding that informer could not aid the

defense); *United States v. Moralez*, 917 F.2d 18 (10th Cir.1990) (Order) (concluding "evidence fully supports" trial court's conclusion that informer did not have information that could aid the defense because trial court interviewed informer *in camera* to make the determination); *United States v. Panton*, 846 F.2d 1335, 1337 (11th Cir.1988) (holding that trial judge should question the informer *in camera* to determine whether he has information that could aid the defense); *United States v. Grisham*, 748 F.2d 460, 465 (8th Cir.1984) (requiring trial judge to question informer *in camera* ); *United States v. Saa*, 859 F.2d 1067, 1074–75 (2d Cir.1988) (finding the trial court should have interviewed *in camera* an informer who witnessed and participated in many of the defendant's criminal acts); *United States v. Ordonez*, 737 F.2d 793, 809 (9th Cir.1983) (suggesting, but not requiring, that the trial court interview informer *in camera* ); *United States v. Doe*, 525 F.2d 878, 879–80 (5th Cir. 1976) (holding post-trial *in camera* examination of the informer was proper when trial court failed to interview informer during trial to determine whether he had information that could aid the defense); *United States v. Jackson*, 384 F.2d 825, 826–27 (3d Cir.1967) (finding no error when the trial judge questioned informer *in camera* (citing *United States v. Day*, 384 F.2d 464 (3d Cir.1967))). *But see Duke v. United States*, 70 F.3d 1274, 1995 U.S.App. LEXIS 35068, at \*8 (7th Cir. Nov.

*era* interview affords the trial judge the opportunity to ask the informer first-hand about the possible consequences he or she would face if disclosure were required and what testimony he or she could offer to aid the defense. As the Third Circuit has noted, one advantage of interviewing the informer *in camera* is that "it enables the court to view with a keener perspective the factual circumstances upon which it must rule and attaches to the court's ruling a more abiding sense of fairness than could otherwise have been realized." [29]

 Courts in other jurisdictions have considered conducting *in camera* proceedings in several different ways. The procedure prescribed by many of the Circuit Courts of Appeals for conducting the *in camera* hearing with the informer excludes counsel for both parties, and also excludes the defendant and the police officers.[30] The trial judge questions the confidential informer in the presence of the court reporter, and no one else. In using that procedure, the trial judge has discretion to allow the State and the defense to submit interrogatories to be asked of the informer at the *in camera* hearing. We agree and hold that the foregoing procedure is preferable when the informer is testifying at an *in camera* hearing. We recognize, however, that D.R.E. 509 gives the trial judge discretion in deciding whether to allow counsel and the parties to attend the hearing.[31]

27, 1995) (holding that when the defendant claims the informer does not exist, the government does not necessarily have to produce the informer but must demonstrate to the judge *in camera* that the informer is a real person; *United States v. Southard,* 700 F.2d 1, 20 (1st Cir.1983) (upholding trial court's decision to examine *in camera* the police officer who worked with the informer because the trial court noted that if the officer's testimony was not sufficient, the court could then interview the informer *in camera* ).

29. *United States v. Jackson,* 384 F.2d 825, 827 (3d Cir.1967). *See also United States v. Panton,* 846 F.2d 1335, 1337 (11th Cir.1988) (*in camera* examination of the informer was the appropriate procedure when the informer was the only person, other than the undercover detective who purchased the drugs, who could identify the defendant at the time the transaction occurred); *United States v. Ordonez,* 737 F.2d 793, 809 (9th Cir.1983) ("interrogation of the informer by the court is an appropriate means of accommodating the due process interests of the defendant and the government's concern for the safety of the informer" (citing *United States v. Anderson,* 509 F.2d 724, 730 (9th Cir.1974), *cert. denied,* 420 U.S. 910, 95 S.Ct. 831, 42 L.Ed.2d 840 (1975))); *United States v. Doe,* 525 F.2d 878, 879–80 (5th Cir.1976) (trial court's *in camera* examination of the informer was "an appropriate device to aid the court in striking the *Roviaro* balance" (citing *United States v. Freund,* 525 F.2d 873 (5th Cir.1976))).

30. *See United States v. Savage,* 969 F.Supp. 450, 453–54 (E.D.Mich.1997), *aff'd* 191 F.3d 454, 1999 U.S.App. LEXIS 23344 (6th Cir. Sept. 21, 1999) (holding an *in camera* hearing should be conducted outside the presence of counsel for both the government and the defense); *United States v. Holguin,* 946 F.Supp. 157, 161 (D.Conn.1996) (Mem. & Order) ("The examination shall be conducted by the court without the presence of either party.") (quoting *United States v. Danesi,* 342 F.Supp. 889, 895 (D.Conn.1972)); *United States v. De La Rosa–Contreras,* 859 F.Supp. 388, 392 (D.Ariz.1994), *aff'd* 73 F.3d 371, 1995 U.S.App. LEXIS 37166 (9th Cir. Dec. 28, 1995) (holding *in camera* hearing with only the judge, informer and court reporter is the most appropriate way to conduct proceeding); *United States v. Moralez,* 917 F.2d 18 (10th Cir.1990) (Order) (affirming *in camera* interview of informer in a closed courtroom without the presence of counsel for either party); *United States v. Grisham,* 748 F.2d 460, 465 n. 2 (8th Cir.1984) ("The trial judge should examine the informer *in camera* without the presence of government agents or counsel for either party.").

31. In Rule 509(c)(2) the words "have the right" were substituted for the words "be permitted" in the last line to indicate that the presence of counsel or parties at an *in camera* hearing is discretionary with the court. *See* Comment to Rule 509.

### In Camera *Hearing Inadequate*

In Butcher's case, an *in camera* examination of the informer would have been the most effective means for the trial judge to weigh and balance the interests of the State in withholding the informer's identity against Butcher's right to present his defense of mistaken identity. Had the trial judge interviewed the informer, and not just the police officers, he would have been able to make an informed determination about whether the informer had knowledge that would materially aid Butcher's defense. The trial judge could have asked the informer about the identity of the person who sold the drugs to Trooper Voshell [32] and also about any potential adverse consequences to the informer if his identity were revealed.[33]

In Butcher's case, the trial judge did not question the State's informer *in camera* because the State represented that the informer was incarcerated in another state. The record does not reflect what, if any, efforts were made to have the informer testify in Delaware, notwithstanding his or her incarceration in another state. The record does not reflect what, if any, efforts were made to have the informer testify under oath from prison by telephone or video conference. The record does not reflect what, if any, efforts were made to have the informer submit an affidavit under oath for *in camera* inspection. Upon remand, if none of these options for having the trial judge interview the informer under oath *in camera* is viable, the trial judge should direct the State to attempt to obtain an affidavit under oath from the informer for *in camera* review by the trial judge.[34]

### *Conclusion*

This matter is remanded for further *in camera* proceedings in accordance with this opinion. Jurisdiction is retained.[35] The Superior Court should file its findings of fact and legal conclusions under seal with this Court within sixty days.[36]

**32.** *United States v. Doe,* 525 F.2d 878, 880 (5th Cir.1976).

**33.** *See, e.g., United States v. Thomas,* 348 F.3d 78, 85 (5th Cir.2003) (no disclosure of identity required because court determined, after *in camera* review of materials, that informant's safety was in jeopardy); *United States v. Straughter,* 950 F.2d 1223, 1231–32 (6th Cir. 1991) (no disclosure of identity required because court determined, after *in camera* review of pertinent materials, that informant's safety would be jeopardized if identity was revealed); *United States v. Edwards,* 47 F.3d 841, 843–44 (7th Cir.1995) (no disclosure of identity required until immediately before testimony because witness faced substantial danger and defendants not prejudiced).

**34.** D.R.E. 509(c)(2) provides that the State may submit affidavits for *in camera* review.

**35.** Supr. Ct. R. 19(c).

**36.** *Id.*