**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. No. 140200979 |
| | ) | |
| CHARLES JOHNSON, | ) | |
| Defendant. | ) | |

## Upon Defendant's Motion to Disclose Identity of a Confidential Informant - *Denied*

Defendant Charles Johnson has moved for disclosure of the identity of a confidential informant. The State opposes the motion. Upon consideration of the written submissions of the parties, the Court DENIES Defendant's motion.

The Court finds as follows:

1. Under Rule 509(a) of the Delaware Rules of Evidence, the State has the privilege to refuse to disclose an informant's identity.

2. As set forth in Rule 509(c)(2), there is an exception to the State's privilege, "[i]f it appears . . . that an informer may be able to give testimony which would materially aid the defense."[1]

3. When a defendant seeks to invoke the exception to the rule of privilege, the defendant must make that threshold showing in order to overcome the privilege.

---

[1] D.R.E. 509 (c)(2).

4.      The Delaware Supreme Court has addressed the showing which a defendant must make in order to overcome the State's privilege. The Court has stated, "[a] defendant attempting to invoke the exception must show, beyond mere speculation, that the confidential informant may be able to give testimony that would materially aid the defenses."[2]

5.      In the case before the Court, the police used a confidential informant to make a controlled buy from Charles Johnson's co-defendant, Victor Burgos. The defendant, Charles Johnson, came to the police's attention during surveillance of Burgos and the confidential informant allegedly drove up in a car during the controlled buy transaction between the confidential informant and the co-defendant Burgos. It is alleged that the police followed Johnson after Johnson's interaction with Burgos. In the meantime, during the simultaneous investigation of Burgos–specifically, a search warrant was executed and the police learned that the heroin sold to the confidential informant in the controlled buy with Burgos was obtained by Burgos from the car that was driven by defendant Charles Johnson and was under surveillance.

---

[2] *McNair v. State,* 2008 WL 199831, at *1(Del. Jan. 23, 2008) (internal quotation marks and citations omitted).

6. The State concedes that the "[confidential informant] advised [the police officers] that Burgos received the heroin from the individuals in the vehicle."[3]

7. The defendant, Charles Johnson, states that the identity of the confidential informant should be disclosed because "[t]he confidential informant was directly involved in the transaction providing the basis to charge the defendant and may provide potentially exculpatory information for the defendant."[4]

8. Defendant Johnson further states that the identity of the confidential informant should be disclosed "[s]ince the confidential informant was and [*sic*] actual party to the transaction in this case, disclosure of his identity is required."[5]

9. The State points out that the police officers observed the interactions of defendant Charles Johnson with Burgos.

10. In *Butcher v. State*, the Delaware Supreme Court addressed the trial court's obligation to engage in a balancing of the interests; specifically, "the public interest in protecting the flow of information against the individual's right to prepare his defense."[6]

11. Here the confidential informant was a party to the controlled drug buy with Burgos, defendant Charles Johnson's co-defendant. But the confidential

---

[3] St. Response, at ¶ 5.
[4] Def. Mot., at ¶ 3.
[5] *Id.*, at ¶ 5.
[6] *Butcher v. State,* 906 A.2d 798, 802 (Del. 2006) (quoting *Roviaro v. United States*, 353 U.S. 53, 77 (1957)).

informant was not a party to the alleged transaction between co-defendant Burgos and defendant Charles Johnson. Moreover, the police officers were witnesses to the alleged transaction between Burgos and Johnson. Nevertheless, it is the confidential informant who told the police that the heroin purchased by the confidential informant from Burgos was supplied by defendant Johnson. Ultimately, after his arrest Johnson admitted that he sold the heroin to Burgos.

12. In *State v. Flowers*, the Superior Court described four situations in which the issue of disclosing the informer's identity arises: (1) the informer is used merely to establish probable cause for a search; (2) the informer witnessed the criminal act; (3) the informer participated in, but was not a party to the illegal transaction; and (4) the informer was an actual party to the illegal transaction.[7] The Court noted that while the privilege is generally protected in the first scenario and disclosure is generally required in the fourth scenario, there is no general rule for the second and third scenarios.[8] Under the second and third scenarios, "disclosure of the informer's identity is required only if the trial judge determines that the informer's testimony is material to the defense."[9]

13. The Court rejects defendant Johnson's argument that "the illegal transaction between the informant and Burgos is the sole basis for the drug-related

---

[7] *State v. Flowers*, 316 A.2d 564, 567 (Del. Super. 1973).
[8] *Id.*
[9] *Butcher*, 906 A.2d at 803.

charges against Johnson."[10]  This is simply not accurate because the state relies upon other evidence, especially the surveillance of the interaction between Burgos and Johnson, as well as defendant Johnson's own actions when he was followed when the police attempted a vehicle stop and his own admissions to police.

14.    The Court finds that defendant Johnson has not met his burden of proving how disclosure of the identity of the confidential informant would materially aid his defense.  The confidential informant, at best, has only minimal information about how Burgos implicated Johnson as Burgos' supplier.  Because the other evidence gathered independently by the State significantly outweighs this single piece of evidence supplied by the confidential informant, the Defendant has not shown that disclosure of the identity of the confidential informant would materially aid his defense.  For example, there was no interaction between the confidential informant and defendant Johnson.  And Burgos can be challenged directly regarding whether or not Burgos implicated defendant Johnson as Burgos' supplier.

---

[10] Def. Ltr. Reply, at ¶ 2.

15. The Court finds that defendant Johnson has met the threshold showing that disclosure of the identity of the confidential informant will materially aid his defense.

**NOW, THEREFORE, this 13th day of August, 2014, the Defendant's Motion to Disclose Identity of a Confidential Informant is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
The Honorable Andrea L. Rocanelli