**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR KENT COUNTY**

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) |
| v. | ) I.D. No. 140200979 |
| | ) |
| THOMAS N. VAN VLIET, | ) |
| Defendant. | ) |

**ORDER**
**Upon Defendant's Motion to Disclose Identity of a Confidential Informant -** *Denied*

Defendant Thomas N. Van Vliet has moved for disclosure of the identity of a confidential informant. The State opposes the motion. Upon consideration of the written submissions of the parties and after an *in camera* hearing, the Court finds as follows:

1.  Under Rule 509(a) of the Delaware Rules of Evidence, the State has the privilege to refuse to disclose an informant's identity.

2.  The Delaware Supreme Court has addressed the showing which a defendant must make in order to overcome the State's privilege. The Court has stated, "[a] defendant attempting to invoke the exception must show, beyond mere speculation, that the confidential informant may be able to give testimony that

1

would materially aid the defense."[1]  In *Butcher v. State*, the Delaware Supreme Court addressed the trial court's obligation to engage in a balancing of the interests; specifically, "the public interest in protecting the flow of information against the individual's right to prepare his defense."[2]

3.  In *State v. Flowers*, the Superior Court described the following four situations in which the issue of disclosing the informer's identity arises: (1) the informer is used merely to establish probable cause for a search; (2) the informer witnessed the criminal act; (3) the informer participated in, but was not a party to the illegal transaction; and (4) the informer was an actual party to the illegal transaction.[3] The Court noted that while the privilege is generally protected in the first scenario and disclosure is generally required in the fourth scenario, there is no general rule for the second and third scenarios.[4]  Under the second and third scenarios, "disclosure of the informer's identity is required only if the trial judge determines that the informer's testimony is material to the defense."[5]

---

[1]  *McNair v. State,* 2008 WL 199831, at *1(Del. Jan. 23, 2008)(internal quotation marks and citations omitted).

[2] *Butcher v. State,* 906 A.2d 798, 802 (Del. 2006)(quoting *Roviaro v. United States,* 353 U.S. 53, 77 (1957)).

[3] *State v. Flowers,* 316 A.2d 564, 567 (Del. Super. 1973).

[4] *Id.*

[5] *Butcher,* 906 A.2d at 803.

2

4.     On July 28, 2015, the Court conducted an *in camera* hearing regarding this issue.  Prior to the hearing, the Court reviewed questions proferred by the Defendant and the State and posed in the hearing some of those questions in addition to the Court's own questions.

5.     The Court finds that the site of the alleged crime in this case was 1658 Woodyard Road, Harrington, Delaware.   The indictment alleges the criminal activity occurred on June 11, 2014.  The confidential informant in this case took a video of allegedly illegal activity at the site well in advance of the execution of a search warrant at the location.  This video, and certain statements allegedly made by occupants at the crime site were relayed to the police, and were used for the purposes of formulating probable cause for a search.   Furthermore, the confidential informant testified that he witnessed criminal activity at that location and recorded such activity by video.

6.  Th confidential informant's involvement in the transactions at issue falls under the first and second *Flowers* scenarios.[6] Namely, the informer was used to establish probable cause and he also witnessed criminal activity at the site at issue. After carefully questioning the confidential informant, however, the Court finds that the informant's testimony would not be material to the defense.  Accordingly,

---

[6] *See Flowers*, 3156 A. 2d at 567.

disclosure of the confidential informant's identity is not warranted pursuant to

*Flowers v. State.*

**NOW, THEREFORE, this 29th day of July, 2015, the Defendant's Motion to Disclose Identity of a Confidential Informant is hereby DENIED.**

**IT IS SO ORDERED .**

**/s/ Jeffrey J Clark**
Judge

cc:    Lindsay A. Taylor, Esquire
        Andre M. Beauregard, Esquire
        Prothonotary
        File