IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE       :       ID No. 1703022133
                                 :       In and for Kent County
          v.                     :
                                 :

QUAHEEM HALL,             :

        Defendant.      :

**ORDER**

Submitted: July 26, 2017
Decided: August 3, 2017

Defendant Quaheem Hall (hereinafter "Mr. Hall") moves to compel disclosure of the identity of a confidential informant. The State opposes the motion. Upon consideration of the written submissions of the parties, the Court finds as follows:

1. Under Rule 509(a) of the Delaware Rules of Evidence, the State has the privilege to refuse to disclose an informant's identity. However, this privilege is not absolute.[1] In order to overcome this privilege, the defense must show, beyond mere speculation, "that the informer may be able to give testimony [that] would materially aid the defense."[2]

2. There are four scenarios where disclosure of a confidential informant's identity typically arise:

(1) [t]he informer is used merely to establish probable cause for a search[;]
(2) [t]he informer witnesses the criminal act[;] (3) [t]he informer

---

[1] D.R.E. 509(c).

[2] *Cooper v. State*, 32 A.3d 988, 2011 WL 6039613, at *9 (Del. Dec. 5, 2011) (Table).

participates but is not a party to the illegal transaction[; or] (4) [t]he informer is an actual party to the illegal transaction.[3]

Delaware courts consistently hold that "the privilege afforded under Rule 509 is protected in the first *Flowers* scenario but not in the fourth. In the second and third scenarios, disclosure of the informer's identity is required only if the trial judge determines that the informer's testimony is material to the defense."[4]

3. In the event of an adequate *prima facie* showing, the Court will hold a *Flowers* hearing to determine whether the State must disclose a confidential informant's identity. However, the Court will not hold such a hearing unless the defense shows "beyond mere speculation, that the confidential informant may be able to give testimony that would materially aid the defense."[5] A defendant is only entitled to a hearing on this matter if he or she is capable of meeting this burden.[6]

4. Here, Mr. Hall focuses on his alleged entitlement to a *Flowers* hearing because the confidential informant's information established probable cause to stop and search his vehicle. He argues that the only basis for the vehicle stop was the information provided by this informant. He further argues that information about the confidential informant is critical to determine whether the State had probable cause to stop the vehicle.

5. In this case, Mr. Hall's motion fails to establish a need for a *Flowers* hearing on the basis that information provided by a confidential informant established probable cause for a search. This fits squarely within the first scenario described above. Delaware courts recognize that a confidential informant's identity is

---

[3] *State v. Flowers*, 316 A.2d 564, 567 (Del. Super. Ct. 1973).

[4] *Butcher v. State*, 906 A.2d 798, 802–03 (Del. 2006).

[5] *Cooper*, 2011 WL 6039613, at *9.

[6] *Miller v. State*, 154 A.3d 1124, 2017 WL 444843, at *4 (Del. Jan. 3, 2017), *as revised* (Jan. 31, 2017) (Table).

2

protected when that person merely establishes probable cause for a search.[7] When confronted with such a scenario, the Court will not hold a *Flowers* hearing to determine whether the confidential informant's identity is privileged.[8]

6. While Mr. Hall's motion, in a conclusory manner, also implies that the confidential informant witnessed criminal activity, he recites no factual allegations or support justifying such a conclusion. With regard to the second scenario, a hearing is inappropriate in this case for two reasons. First, in support of this *Flowers* scenario, Mr. Hall's allegations are limited to stating "[a]s stated in *State v. Flowers*, under scenarios (1) and (2) as is the case here . . . ." He fails, however, to even allege that the confidential informant was present during any criminal activity, much less the charges at issue in the indictment. Mr. Hall provides no legal authority, and the Court was unable to locate any, where a court found such a motion sufficient to warrant a *Flowers* hearing.

7. Second, while generally a court will conduct a *Flowers* hearing when the defense alleges, beyond mere speculation, the second *Flowers* scenario,[9] a court is not required to hold such a hearing even under the second *Flowers* scenario when the defense fails to meet its *prima facie* burden of demonstrating that compelled disclosure of the confidential informant's identity will materially aid the defense.[10]

---

[7] *E.g., Butcher*, 906 A.2d at 802–03; *Flowers*, 316 A.2d at 367.

[8] *See Cooper*, 2011 WL 6039613, at *10 (finding that it was unnecessary for the Superior Court to hold a *Flowers* hearing to determine that the confidential informant's identity was privileged when the confidential informant merely provided probable cause for an arrest).

[9] *E.g. Butcher*, 906 A.2d at 803.

[10] *See Davis v. State*, 718 A.2d 527, 1998 WL 666713 (Del. July 15, 1998) (Table) (stating that the Superior Court did not need to hold an *in camera Flowers* hearing after the defendant alleged the confidential informant witnessed criminal activity because the defense failed to meet its burden of showing beyond mere speculation that the confidential informant would materially aid the defense).

3

Here, Mr. Hall's motion provides no information or even a claim that the confidential informant's identity would assist his defense in any way. [11] Namely, he does not allege that the confidential informant will (or even possibly could) provide exculpatory testimony or would otherwise assist in his defense. His motion merely states that "the Court should hold an *in camera* '*Flowers* hearing' to determine whether disclosure would aid the defense." Since Mr. Hall must have first set forth allegations and some justification in his written motion that the evidence will materially aid his case, it is inappropriate for the Court to conduct a *Flowers* hearing.[12]

THEREFORE, Mr. Hall's motion for an in camera *Flowers* hearing is DENIED. His motion to compel the State to produce a complete criminal history and other such information of the confidential informant is also DENIED.

IT IS SO ORDERED.

/s/Jeffrey J Clark
Judge

---

[11] *Miller*, 2017 WL 444843, at *4 (requiring a defendant to show beyond mere speculation that the confidential informant could materially aid the defense).

[12] *See id.* (stating that if the defendant meets the burden of showing that the identity of the confidential informant will materially aid his defense, he is entitled to a hearing).