# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,              )
                               )
                               )     I.D. No. 1608020942A
v.                             )
                               )
                               )
RODERICK T. MUMFORD            )
(a/k/a Roderick Brown),        )
                               )
Defendant.                     )

# MEMORANDUM OPINION

Submitted: March 18, 2022
Decided: June 30, 2022

*Upon Defendant's Motion for Postconviction Relief,*
**DENIED.**

Haley King, Esquire, Deputy Attorney General, Department of Justice, Georgetown, Delaware. *Attorney for the State of Delaware.*

Natalie S. Woloshin, Esquire, Woloshin, Lynch & Associates, P.A., Wilmington, Delaware. *Postconviction Counsel.*

Roderick Mumford, Sussex County Correctional Institution, Georgetown, Delaware. *Pro Se.*

**ROBINSON, J.**

## I.    <u>INTRODUCTION</u>

Defendant Roderick T. Mumford[1] ("Mumford") was convicted after a jury trial of money laundering, tier 5 possession (cocaine), tier 4 drug dealing (cocaine), drug dealing (heroin), and two counts of possession of drug paraphernalia. Mumford moved *pro se* for postconviction relief alleging ineffective assistance of counsel. This Court appointed postconviction counsel ("Postconviction Counsel"). Having investigated Mumford's allegations, Postconviction Counsel now moves to withdraw on the ground that Mumford has no arguably meritorious claims. This Court finds that Mumford has not established ineffective assistance of counsel or prejudice. Postconviction Counsel's motion to withdraw is **GRANTED** and Mumford's motion for postconviction relief is **DENIED**. My reasoning follows.

## II.    <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

After an investigation, Delaware State Police executed a search warrant on August 26, 2016, for an apartment at 206 Houston Circle in Millsboro, Delaware, a suspected "stash house."[2] While executing this warrant, police arrested Mumford

---

[1] Mumford also uses the name Roderick Brown, his petition regarding forfeited property was appealed under that name. *See Brown v. State*, 214 A.3d 922, 924 (Del. 2019). I refer to Petitioner as Mumford throughout this opinion as this is the name under which he was prosecuted and under which his appeal proceeded.

[2] Except where otherwise cited these facts have been taken from the Supreme Court's decision in *Mumford v. State*, 196 A.3d 412, 2018 WL 5096074 (Del. Oct. 17, 2018) (TABLE).

1

while he was sitting in a car outside the apartment.[3] During their search of the apartment, police found a large amount of cocaine, lesser amounts of marijuana and heroin, and $1,644.00 in cash.

The search warrant for 206 Houston Circle was based upon information provided to police from a past proven reliable informant that "a black male named Roderick was selling cocaine from a residence in Houston Acres, specifically from unit number 206."[4] Based upon this information from the confidential informant, police established communication with an unwitting informant whom they identified as "a known distributor for Roderick Mumford's drug distribution network."[5] The warrant application details two separate transactions between the unwitting informant and Mumford at 206 Houston Circle.

Police learned from a past proven reliable informant that Mumford stored the proceeds of his drug sales at 507 El Coleman Drive in Millsboro, Delaware.[6] Pursuant to a second search warrant, police searched the residence at the El Coleman property and found cocaine, drug packaging materials, digital scales, guns, ammunition, $3,813.00 in cash, and two keys for safe deposit boxes.

---

[3] Except where otherwise cited these facts have been taken from the Supreme Court's decision in *Mumford v. State*, 196 A.3d 412*, 2018 WL 5096074 (Del. Oct. 17, 2018) (TABLE).

[4] App. to Postconviction Counsel's Mem. In Supp. of Mot. to Withdraw, D.I. 96-97 ("PCR App.") at A0053 at ¶ 1 (Search Warrant for 206 Houston Circle).

[5] *Id.* at ¶ 2.

[6] PCR App. at A0074 (Search Warrant for 507 El Coleman).

2

The keys from the El Coleman property were for two safe deposit boxes located at PNC Bank branches in Millsboro and Selbyville. Police obtained and executed search warrants for the safe deposit boxes believing them to contain proceeds from drug transactions after considering the amount of illegal drugs found and the relatively little cash. In the Millsboro safe deposit box—owned by Mumford and Mumford's co-defendant Shawanda Knox—police found $73,000.00 separated into $1,000.00 stacks.[7] Mumford co-owned the Selbyville safe deposit box—an express box—with his mother, Joyce Walker.[8,9] Over $100,000.00 was found between the two boxes.[10]

Mumford was indicted on money laundering, two counts of conspiracy second degree, aggravated possession tier 5 (cocaine), drug dealing tier 4 (cocaine), two counts of possession of a firearm by a person prohibited, drug dealing (marijuana), drug dealing (heroin), and two counts of possession of drug paraphernalia.[11] Shawanda Knox was indicted as Mumford's co-defendant.[12]

Mumford's trial counsel ("Trial Counsel") filed a motion to sever the possession of a firearm by a person prohibited from the other counts which was

---

[7] *Brown,* 214 A.3d at 925 (Del. 2019).
[8] PCR App. at A0121 (Search Warrant for Safe Deposit Boxes).
[9] PCR App. at A0764 (Trial Testimony of Joyce Walker).
[10] PCR App. at A0928 (Trial Testimony of Det. Callaway).
[11] PCR App. at A0012-15 (October 24, 2016, Indictment).
[12] *Id.*

3

granted. The case proceeded as an "A" case—the majority of the original counts—and a "B" case—the two counts of possession of a firearm.

The "A" case proceeded to jury trial beginning on July 10, 2017, and lasting until July 18, 2017. During trial for the "A" case, the State entered a *nolle prosequi* for drug dealing (marijuana) and for one of the charges of conspiracy. Trial Counsel made a motion for judgment of acquittal on the charge of money laundering and one of the counts of conspiracy second degree.[13] The Court granted the motion for judgment of acquittal for the count of conspiracy and denied it as to money laundering. The jury convicted Mumford of money laundering, aggravated possession tier 5 (cocaine), drug dealing tier 4 (cocaine), drug dealing (heroin) and two counts of possession of drug paraphernalia. Mumford was then sentenced to serve an aggregate Level V sentence of 10 years.[14]

Mumford appealed the denial of his motion for judgment of acquittal on the charge of money laundering to the Delaware Supreme Court. The Delaware Supreme Court affirmed Mumford's conviction, finding there was enough evidence presented by the State to provide a sufficient basis for the jury to conclude that Mumford was guilty beyond a reasonable doubt as to all elements of the crime of money

---

[13] Trial Counsel's Motion for Judgment of Acquittal, D.I. 38.
[14] D.I. 66.

laundering.[15] Additionally, Trial Counsel filed a motion for the modification of sentence which was denied on January 22, 2021.[16]

Mumford filed a *pro se* motion for postconviction relief on October 11, 2019, and a motion for the appointment of counsel on October 15, 2019. Under Superior Court Criminal Rule 61(e)(1), this Court appointed Natalie S. Woloshin as Postconviction Counsel ("Postconviction Counsel"). Postconviction Counsel filed a motion to withdraw on February 11, 2021. Postconviction Counsel states in her Motion to Withdraw that she made a conscientious examination of the record and law and concluded there are no meritorious claims to advance in postconviction proceedings.[17] Trial Counsel has submitted an affidavit responding to Mumford's postconviction claims.[18]

After requesting additional time,[19] Mumford filed a response to Postconviction Counsel's motion on July 6, 2021.[20] Mumford thanked Postconviction Counsel and included additional arguments supporting his motion for postconviction relief. The State submitted its response to Mumford's motion for postconviction relief on August 26, 2021. On December 2, 2021, Mumford filed a

---

[15] *Mumford,* 2018 WL 5096074, at *1.
[16] Trial Counsel Motion for Modification of Sentence, D.I. 56.
[17] Motion to Withdraw, D.I. 94.
[18] Trial Counsel's Aff., D.I. 110.
[19] D.I. 101; D.I. 107.
[20] D.I. 109.

5

request for the appointment of *amicus curiae* to brief his additional arguments.[21] This Court denied this request on January 28, 2022 but allowed Mumford thirty-five days to file additional arguments.[22] Mumford timely filed these additional arguments on March 10, 2022.[23]

## III. CONTENTIONS

Mumford's original petition presents eight claims based on ineffective assistance of counsel. Mumford contends that Trial Counsel was ineffective because he: (1) "failed to file pre-trial motion for identification of concerned citizen used in search of 206 Houston Circle"; (2) "failed to file pre-trial motion for identification of 'unwitting' used in search and seizure warrant of 206 Houston Circle"; (3) "failed to file pre-trial motion challenging lack of probable cause as to 507 El Coleman Drive"; (4) "failed to challenge the search and seizure warrants issued for the safe deposit box and express box co-owned by Defendant and others"; (5) "fail[ed] to file the required pre-trial motions"; (6) "failed to challenge the grand jury indictment count for money laundering for being vague and ambiguous"; (7) "failed to hire an expert on drug addictions in opposition to the State's theory of drug dealing"; and

---

[21] D.I. 116.
[22] D.I. 118.
[23] D.I. 119.

6

(8) "failed to challenge the issuance of the search and seizure warrants issued for the safe deposit and express boxes based in false statements and lack of probable cause."

Mumford argues Trial Counsel's failures amount to a violation of his rights under the Sixth and Fourteenth Amendments of the United States Constitution and his rights under Article I, § 7 of the Delaware Constitution.

After this Court denied his request for appointment of *amicus curiae* but gave him a chance to raise additional issues, Mumford added two claims. First, he argues that the key taken from him was used illegally to access the residence at El Coleman Drive. Mumford contends that there was entry in violation of his Fourth Amendment rights when police confirmed the key found on his person unlocked the El Coleman property. Second, Mumford argues that he was improperly *Mirandized* for his custodial interview. Mumford contends that the State's argument in response to his seventh claim relying on his confession is improper as he never acknowledged his *Miranda* rights during his custodial interview. Additionally, Mumford asserts that "when counsel is ineffective, prejudice is presumed."[24]

The State argues that each of the raised claims fails to meet the *Strickland* bar.

## IV.   DISCUSSION

### A. Preliminary Procedural Considerations

---

[24] Mtn. for Appointment of *Amicus Curiae*, D.I. 116, ¶ 4.

This Court must first determine if there are any procedural bars to a motion for postconviction relief before considering the merits of the claims.[25] Superior Court Criminal Rule 61 ("Rule 61") imposes four procedural bars on such motions: (1) the motion must be brought within one year after the judgment of conviction is final or the creation of a newly recognized retroactive right; (2) any basis for relief must not have been asserted in prior postconviction proceeding unless the petitioner pleads with particularity new evidence that the petitioner is innocent or there is a new, retroactive constitutional right that renders the conviction invalid; (3) any basis for relief not asserted in the proceeding below as required by the court rules is subsequently barred unless defendant can show cause and prejudice; and (4) any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred.[26]

Mumford's postconviction motion is timely and the issues it raises have not been formerly adjudicated. This is Mumford's first motion under Rule 61.[27] The other procedural bars likewise do not apply because colorable claims of ineffective assistance of counsel are properly presented by way of a motion for postconviction

---

[25] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[26] Super. Ct. Crim. R. 61(i).
[27] Defendant's first motion, having been filed within one year of the Supreme Court's decision on direct appeal, is timely. Super. Ct. Crim. R. 61.

relief.[28] Mumford's motion, therefore, is not procedurally barred and I may consider it on its merits.

## B. <u>Strickland Considerations</u>

In each of his eight identified arguments, Mumford claims ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, Mumford must meet the two-pronged test established by the United States Supreme Court in *Strickland v. Washington.*[29] First, he must show that his counsel's representation was deficient in that "counsel's representation fell below an objective standard of reasonableness."[30] Second, he must show this deficiency resulted in prejudice.[31] If Mumford fails on either of these prongs his motion must be denied.

Although not insurmountable, the *Strickland* standard regarding the first prong is highly demanding and leads to a strong presumption that the representation was professionally reasonable.[32] A defendant must show that any alleged errors were so serious that his counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment.[33] Great weight and deference is given to the tactical decisions of

---

[28] *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016); *State v. Evan–Mayes*, 2016 WL 4502303, at *2 (Del. Super. Ct. Aug. 25, 2016).
[29] 466 U.S. 668, 688, 694 (1984).
[30] *Id.*
[31] *Id.*
[32] *Flamer v. State*, 585 A.2d 736, 753 (Del.1990).
[33] *State v. Finn,* 2012 WL 1980666, at *4 (Del. Super. Ct. May 23, 2012).

trial counsel.[34] The reviewing court must avoid viewing counsel's conduct through the distorting lens of hindsight, but instead must examine the conduct from the counsel's perspective at that time.[35] Counsel "cannot be found ineffective for failing to file a futile motion."[36]

Regarding the second prong of prejudice, the reviewing court will not set aside the conviction if counsel's deficiency, however unreasonable, had no effect on the outcome.[37] To show prejudice, the defendant must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[38] Further, the likelihood of a different result "must be substantial, not just conceivable."[39]

Mumford asserts that prejudice is presumed once ineffectiveness is found. In *U.S. v. Cronic,* the United States Supreme Court provided that where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable."[40] There must be a complete failure of counsel to presume prejudice under *Cronic.*[41] Mumford has failed to show or even allege that

---

[34] *State v. Miller*, 2013 WL 871320, at *4 (Del. Super. Ct. Feb. 26, 2013).
[35] *State v. Wright*, 632 A.2d 288, 295 (Del Super. Ct. 1994).
[36] *State v. Prince,* 2022 WL 211704, at *1 (Del. May 18, 2021).
[37] *Strickland*, 466 U.S. at 692.
[38] *Id.* at 687.
[39] *Id.* at 697.
[40] 466 U.S. 648, 659 (1984).
[41] *State v. Jackson,* 2022 WL 1076083, at*6 (Del. Super. Ct. April 11, 2022).

Trial Counsel failed to subject the prosecution's case to meaningful adversarial testing. Therefore, prejudice is not presumed, and Mumford's claims must satisfy both *Strickland* prongs.

### C. Postconviction Counsel's Motion to Withdraw

Under Rule 61, appointed postconviction counsel may move to withdraw if they find the movant's claim so lacking in merit that postconviction counsel cannot ethically advocate for it.[42] In this motion counsel must explain any factual and legal basis for that opinion and provide notice to movant the movant.[43]

### D. Mumford's Claims

#### i. Claims 1 and 2: Failure to File Motion for the Identification of Individuals Used in Obtaining Search Warrants.

I address the first and second claims together as both challenge the effectiveness of Trial Counsel regarding the identities of individuals used in obtaining the search warrant for 206 Houston Circle. In the first claim, Mumford contends that Trial Counsel was ineffective for failing to file a pre-trial motion for identification of the confidential informant used in the issuance of the search warrant for 206 Houston Circle. He argues that this failure violated his right to confront his accuser. In his second claim, Mumford contends that Trial Counsel was ineffective

---

[42] Super. Ct. Crim. R. 61(e).
[43] *Id.*

for failing to file a pre-trial motion for identification of the unwitting informant used in the search warrant for 206 Houston Circle. Trial Counsel, in his affidavit, stated that he did not file a motion to seek the identity of the confidential informant or unwitting informant because there was no meritorious basis for these motions.[44]

The State argues under Delaware Rule of Evidence 509 and *State v. Flowers*[45] the confidential informant's and the unwitting informant's identities would be protected since their involvement was limited to establishing probable cause for the search of 206 Houston Circle.

Disclosure of an informant is governed by Delaware Rule of Evidence 509 and *State v. Flowers.* The State may refuse to disclose the identity of a confidential informant unless it "appears in a criminal case that an informer may be able to give testimony which would materially aid the defense."[46] The court in *Flowers* identified four categories of situations where a confidential informant is involved in a case: "(1) the informer is used merely to establish probable cause for a search; (2) the informer witnesses the criminal act; (3) the informer participates but is not a party to the illegal transaction; and (4) the informer is an actual party to the illegal transaction."[47] In *Butcher v. State*, the Delaware Supreme Court observed that the

---

[44] Trial Counsel's Aff., D.I. 110, ¶ 8.
[45] 316 A.2d 564 (Del. Super. Ct. 1973).
[46] Delaware Rule of Evidence 509(2).
[47] *Flowers*, 316 A.2d at 56.

identity of the informant is generally protected in the first category but not in the fourth.[48] Here, both the confidential informant and the unwitting informant were only used to establish probable cause and any motion to disclose would have been futile.

The confidential informant provided information to police of Mumford's illegal activities. The informant was a past proven reliable informant who informed police that a black male named Roderick was selling cocaine from unit number 206 in Houston Acres.[49] The confidential informant did not testify at trial and was not a party or a witness to the transaction for which Mumford was charged. The confidential informant was only used to establish probable cause for the search warrant. Any motion to disclose the identity of the confidential informant would have been futile.

Likewise, any motion to disclose the identity of the unwitting informant would have been futile. The information provided by the unwitting informant was also only used to establish probable cause for the issuance of the search warrant for 206 Houston Circle. The identity of the unwitting informant would have similarly been protected as falling into the first category identified in *Flowers*.

---

[48] 906 A.2d 798 (Del. 2006).
[49] PCR App. at A0053 (Search Warrant, 206 Houston Circle).

13

I find that these two claims by Mumford are without merit and Mumford suffers no prejudice from Trial Counsel's failure to file motions to disclose the identities of either the confidential informant or the unwitting informant.

### ii. Claim 3: Failure to File Motion Challenging the Probable Cause for the Search Warrant for 507 El Coleman.

Mumford contends that Trial Counsel was ineffective for failing to file a pre-trial motion challenging the probable cause for the search warrant for El Coleman Drive. Mumford supplemented this claim by arguing that the police use of the key violated the Fourth Amendment, in that trying the key in the door of the El Coleman property amounted to an illegal entry.[50] Trial Counsel stated that it was his opinion that "there was no basis for a meritorious suppression motion."[51]

I only address the prejudice prong of *Strickland* for this contention. Mumford's co-defendant, Ms. Knox, filed a motion to suppress for this very warrant.[52] Ms. Knox argued there a lack of probable cause in the search warrant because of an insufficient nexus between the known drug activities of Mr. Mumford at the Houston Circle home, and the El Coleman address.[53] This Court addressed and denied Mumford's co-defendant's motion challenging the El Coleman warrant,

---

[50] Mumford Letter March 1, 2022, D.I. 119.
[51] Trial Counsel's Aff., ¶ 9, D.I. 110.
[52] PCR App. at A1334 (Knox Suppression Motion, Feb. 14, 2017).
[53] *Id.*

finding that there was sufficient probable cause to support the issuance of a search warrant.[54] In ruling on Ms. Knox's motion, this Court examined whether the use of the key was necessary for the probable cause determination and found it was not. This Court denied the motion to suppress, observing that police found a quantity of cocaine, crack cocaine, heroin, marijuana, digital scales, cutting agent, and $1,644.00 at 206 Houston Circle, and that a past proven reliable confidential informant advised police that Mumford stored the proceeds of his drug distribution at 507 El Coleman Drive.[55] Had Trial Counsel filed a motion also challenging the warrant for 507 El Coleman, it would have been similarly denied.

It seems that no Delaware court has directly addressed whether or not using or checking a key to determine if it fits a residential door constitutes an entry or search. This Court also does not need address this issue here as the focus of this *Strickland* analysis is one of prejudice. But assuming, *arguendo¸* there was an illegal entry, the remedy would be the exclusion of the evidence that resulted from that entry.[56] This Court considered the issue of the use of the key in Ms. Knox's case and denied her motion to suppress.[57]

---

[54] PCR App. at A1342 (Knox Suppression Hearing Transcript, March 8, 2017).
[55] *Id*. at A1340.
[56] *Jones v. State*, 745 A.2d 856, 872 (Del. 1999)
[57] PCR App. at A1342 (Knox Suppression Hearing Transcript, March 8, 2017).

Mumford suffers no prejudice from Trial Counsel's failure to file a motion to suppress as the motion would have been denied, as was his co-defendants' motion. Mumford fails to meet the second prong of *Strickland* in this claim.

### iii. Claims 4 and 8: Failure to File Motions Challenging the Issuance of Search and Seizure Warrants for Safe Deposit Boxes.

Mumford contends that Trial Counsel was ineffective for failing to challenge the search and seizure warrants issued for the safe deposit box and the express box he co-owned. Mumford argues that as the search at 507 El Coleman was illegal, the keys resulting from that search are the "fruit of the poisonous tree" and Trial Counsel was ineffective for not filing a motion to suppress. Additionally, in his eighth claim, Mumford argues that Trial Counsel was ineffective for not filing a motion to suppress based on false statements found in the affidavit for the search warrant. Mumford also argues that the warrants lacked probable cause because the keys could not be connected to any criminal activity.

As an initial matter, as discussed above, the search of the El Coleman property was valid, therefore the keys found there are not the "fruit of the poisonous tree."

I now turn to whether there was a meritorious basis for a motion to suppress the search warrant issued for the safe deposit boxes. A magistrate's probable cause determination should be reviewed with great deference and should not "take the form

16

of a *de novo* review."[58] This Court instead should ensure "that the magistrate had a substantial basis for concluding that probable cause existed."[59] Probable cause may be found when, considering the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place.[60] Here, under a totality of the circumstances, there is sufficient probable cause for the issuance of a search warrant of the safe deposit boxes. In the search warrant, police identify evidence of drug dealing, a large amount of drugs, the keys to the safe deposit boxes, and relatively little money.[61] The warrant includes the discovery of evidence of drug dealing including: over 48 grams of cocaine, 12.89 grams of crack cocaine, 0.46 grams of heroin, 18.73 grams of marijuana, digital scales, "cutting agent," packaging material, firearms, and ammunition. Under a totality of the circumstances, and giving deference to the magistrate, there was a fair probability that evidence of a crime would be found in the safe deposit boxes co-owned by Mumford.

I now address Mumford's argument regarding false statements contained within the warrant. Where a defendant "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the

---

[58] *State v. Holden*, 60 A.3d 1110, 1114 (Del. 2013).
[59] *Sisson*, 903 A.2d at 296 (citing *Smith v. State,* 887 A.2d 470, 473 (Del. 2005).
[60] *Id*.
[61] PCR App. at A0125(Search Warrant for Safe Deposit Boxes).

truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request."[62] Mumford argues that the statement "[t]he keys were concealed to avoid detection from others" is completely false. He argues instead that "[the keys were] located in a bedside table in plain view upon opening the drawer."[63] It is impossible for Mumford to make a substantial preliminary showing that the statement within the warrant is a false statement. The statements in the warrant application characterizing the placement of the key as concealment to avoid detection from others is not a false statement, as even Mumford admits the keys were concealed—albeit in a closed drawer. Assuming, *arguendo,* the statement regarding the location of the keys was false, it would not invalidate the search warrant, as it is not necessary to the finding of probable cause due to the abundance of other evidence included in the warrant application as explained above.

Mumford fails to show prejudice for this claim because any motion to suppress for the safe deposit boxes would have been denied, as probable cause for the issuance of the warrant existed.

### iv. Claim 5: Failure to File Required Pre-Trial Motions.

---

[62] *Franks v. Delaware*, 438 U.S. 154, 155–56, 98 S. Ct. 2674, 2676, 57 L. Ed. 2d 667 (1978).
[63] Pt'r. Mot. for Postconviction Relief, D.I. 75, ¶ 8.

Mumford contends that Trial Counsel's failure to file required pre-trial motions to suppress evidence, challenging his indictment, and challenging the jurisdiction of the court constituted ineffective assistance of counsel. He argues that these filings were required to preserve his rights on appeal.

"The court shall dismiss entirely conclusory allegations of ineffective assistance of counsel. The movant must provide concrete allegations of prejudice, specifying the nature of the prejudice and the adverse effects actually suffered."[64] "Mere conclusory assertions of ineffectiveness of counsel are insufficient."[65]

Mumford's claims here are conclusory. Mumford argues that his due process rights were limited as he could not assert claims on appeal. Mumford does not identify what the claims he would assert on appeal, what motions to suppress should have been filed (other than those already asserted), the issue with the indictment (other than those addressed in the other claims), or why jurisdiction was an issue. Jurisdiction of this Court was established during testimony[66] and Mumford fails to show any prejudice here. This claim also fails.

### v. **Claim 6: Failure to Challenge Grand Jury Indictment.**

---

[64] *State v. Powell*, 2016 WL 3023740, at *6 (Del. Super. Ct. May 24, 2016), *aff'd*, 173 A.3d 1044 (Del. 2017).

[65] *State v. Howard*, 2014 WL 5804529, at *3 (Del. Super. Ct. Oct. 27, 2014), *aff'd*, 126 A.3d 642 (Del. 2015).

[66] PCR App. at A0235 (Trial Testimony of Det. Callaway); A0338(Trial Testimony of Cpl. Gallagher); A0346 (Trial Testimony of Cpl. Demalto).

Mumford contends that Trial Counsel was ineffective for failing to challenge the count for money laundering because it was vague and ambiguous. He argues that the indictment failed to "contain essential elements nor a concise, definite, plain statement" [67] informing him of how he committed the crime.[68] He argues it was overly broad and failed to protect him from being subsequently charged for the same crime.[69]

The money laundering charge read as follows:

> RODERICK T. MUMFORD, on or about the 26th day of August, 2016, in the County of Sussex, State of Delaware, did knowingly acquire or maintain an interest in, conceal, possess, transfer or transport the proceeds of criminal activity, in violation of Title 11, Section 951(a)(1) of the Delaware Code.[70]

Superior Court Criminal Rule 7(c) provides that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged.[71] The indictment serves two functions: "to put the accused on full notice of what he is called upon to defend, and to effectively preclude subsequent prosecution for the same offense."[72] Generally, it is sufficient that an indictment

---

[67] The argument of missing essential elements was also advanced in Mumford's initial appeal. *Mumford,* 2018 WL 5096074, at n. 22. It seems that Mumford continues to argue that this Court should also consider the elements required under federal statute 18 U.S.C § 1956. This is not the statute applicable to Mumford's indictment nor this Court's analysis.

[68] Pt'r. Mot. for Postconviction Relief, D.I. 75, ¶ 6.

[69] *Id.*

[70] PCR. App. at A0012 (Indictment, State v, *Roderick T. Mumford*, Case No. 1608020942A).

[71] Super. Ct. Crim. R. 7.

[72] *Malloy v. State*, 462 A.2d 1088, 1092 (Del. 1983).

20

follows the language of the statute.[73] Here, the indictment tracks the language of the statute and is sufficiently specific to prevent subsequent prosecution.[74]

Trial Counsel is not ineffective for failing to file a meritless motion challenging the count of money laundering.

### vi.    Claim 7: Failure to Hire Expert on Drug Addictions.

Mumford contends that Trial Counsel's failure to hire an expert on drug addiction to counter the State's charge of drug dealing constituted ineffective assistance of counsel. He argues that Trial Counsel advanced a theory that Mumford was a drug user, and that the drugs found at his residence were for personal use as opposed to dealing. Mumford argues that an expert could have testified that the amount of drugs found during the investigation was "not unusual for a person addicted to drug use even if the use is recreational."[75] Mumford contends his admission to selling drugs came from a police interview that was in violation of *Miranda.* Mumford does not contend that he did not understand his rights at the time of the interview, just that Trial Counsel was ineffective in not challenging this interview.

---

[73] *State v. Deedon,* 56 A.2d 660, 662 (Del. 1963); s*ee Allison v. State,* 148 A.3d 688 (Del. 2016): *see also State v. McGuiness*, 2022 WL 1538488, at *2 (Del. Super. Ct. May 13, 2022).

[74] 11 *Del. C.* § 951: "A person is guilty of money laundering when the person knowingly acquires or maintains an interest in, conceals, possesses, transfers, or transports the proceeds of criminal activity.

[75] Pt'r. Mot. for Postconviction Relief, D.I. 75, ¶ 7.

21

During the interview, Detective Reynolds, the officer conducting the interview, read Mumford his *Miranda* rights and then stated:

> Reynolds: If you decide to answer any question with or without an attorney present you may stop at any time during the questioning. Do you understand each of these rights I've explained to you? Having these rights in mind do you want to talk to me?
> Mumford: What do you want to talk about?
> Reynolds: Well, I'm gonna ask you some questions. You good with that? Just ask you some questions see what we got going on. Is that cool?
> Mumford: I already seen you before.
> Reynolds: You've seen me before?
> Mumford: Riding around.
>
> ….[76]

It is unclear from the transcript if Mumford gave an express waiver such as a nodding his head or some other non-verbal cue. The interview continued, consisting of hundreds of questions. Mumford requested to make a phone call at several points during this interview. Mumford specifically asked "when do I get a phone call so I can call my lawyer or try to make bond?"[77]

When a defendant waives his privilege against self-incrimination and the right to counsel pursuant to *Miranda*, the State bears the burden of proving by a preponderance of the evidence that the waiver was voluntary and the product of a knowing and intelligent decision.[78] In the absence of an express waiver, the validity

---

[76] A0021 (Mumford Interview dated August 26, 2016).
[77] A0030.
[78] *Howard v. State*, 458 A.2d 1180, 1183 (Del. 1983).

of an alleged waiver of *Miranda* rights depends on a "totality of the circumstances" test to determine whether there was an "implied" waiver.[79] "The primary issue for implied waiver is whether the defendant's actions and words constituted a course of conduct indicating an implied waiver; the Court must be able to 'clearly infer[ ] [waiver] from the actions and words of the person interrogated.'"[80] The totality of the circumstances analysis includes "the behavior of the interrogators, the conduct of the defendant, his age, his intellect, his experience, and all other pertinent factors"[81] The totality of the circumstances must reveal both an uncoerced choice and the requisite level of comprehension that a court may properly conclude that *Miranda* rights have been waived.[82]

Reviewing this transcript of the interview, this Court concludes that there was at least an implied waiver. Mumford was read his *Miranda* warnings and, subsequently, responded to police questioning. Mumford does not contend that the officers intimidated, coerced, or deceived him into waiving his rights, and this Court finds that no such evidence exists in the record. Mumford was forty-five at the time of the interview, and familiar with the criminal justice system. Mumford does not argue that he did not understand his rights, just that counsel was ineffective for not

---

[79] *Rambo v. State*, 939 A.2d 1275, 1279 (Del. 2007).
[80] *Bennett v. State*, 992 A.2d 1236 (Del. 2010) (quoting *State v. DeAngelo*, 2000 WL 305332, at *8 (Del. Super. Ct. Mar. 21, 2000).
[81] *Howard v. State*, 458 A.2d 1180, 1183 (Del. 1983).
[82] *Moran v. Burbine*, 475 U.S. 412, 421 (1986); *see also Bennett v. State*, 992 A.2d 1236 (Del. 2010).

23

challenging the interview. There is no evidence of an uncoerced choice and, throughout the interview, Mumford possessed the requisite level of comprehension for this Court to conclude that his *Miranda* rights had been waived.

The State presented an expert who testified that the amount of cocaine found by police was "a lot more" than a typical cocaine user would possess.[83] With Mumford's own admission, the statements of the State's experts, and the amount of illegal drugs and cash found in Mumford's possession, the deck is heavily stacked against Mumford. Great weight and deference are given to the tactical decisions of trial counsel.[84] Here, Trial Counsel determined that a drug addiction expert could not explain away the evidence of drug dealing presented by the State.[85]

Mumford's claim regarding Trial Counsel's failure to hire an addiction expert to counter the State's theory of drug dealing fails to show ineffective assistance of counsel.

## V.   CONCLUSION

Having carefully reviewed the record, I conclude that Mumford's claims are without merit and no other grounds for relief exist. I am also satisfied that Postconviction Counsel made a conscientious effort to examine the record and the

---

[83] App. to Postconviction Counsel's Mtn. to Withdraw at A0997 (Trial testimony of Lt. Tyndall (July 11, 2017)).
[84] *State v. Miller*, 2013 WL 871220, at *4 (Del/ Super. Ct. Feb. 26, 2013).
[85] Trial Counsel Aff. ¶13. D.I. 110.

law to determine that Mumford does not have a meritorious claim to be raised under Rule 61. Mumford's Motion for Postconviction relief is **DENIED,** and Ms. Woloshin's Motion to Withdraw is **GRANTED.**